J-S44024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD PAUL ROEBUCK | : | No. 820 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 6, 2022
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001105-2021

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:    **FILED: MARCH 27, 2023**

The Commonwealth appeals from the judgment of sentence entered following Ronald Paul Roebuck's guilty plea to driving under the influence ("DUI") – highest rate of alcohol.[1] The Commonwealth argues that the court should have sentenced him as a second-time DUI offender based on his prior DUI that resulted in him being placed in the Accelerated Rehabilitative Disposition ("ARD") program. Due to this Court's recent overruling of ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa.Super. 2020), we vacate the judgment of sentence and remand for resentencing.

In February 2022, Roebuck pleaded guilty to the above offense. He had previously been accepted into and completed ARD in 2021 for a prior DUI

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. 3802(c).

conviction. At sentencing, the Commonwealth argued that the ARD counted as a prior offense, thereby making his current DUI conviction a second offense, increasing Roebuck's sentencing exposure. At the time of sentencing, *Chichkin* was binding precedent. In *Chichkin*, a three-judge panel of this Court concluded that "prior acceptances of ARD cannot be categorized as 'prior convictions' exempt from the holding of *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and *Alleyne* [*v. United States*, 570 U.S. 99 (2013)]." 232 A.3d at 967. This Court also concluded that "the particular provision of 75 Pa.C.S.[A.] § 3806(a), which defines a prior acceptance of ARD in a DUI case as a 'prior offense' for DUI sentencing enhancement purposes, offends the Due Process Clause and is therefore unconstitutional." *Id.* at 971. Relying on *Chichkin*, the trial court rejected the Commonwealth's argument and sentenced Roebuck as a first-time DUI offender. This timely appeal followed.

The Commonwealth raises one issue:

> Whether the Superior Court erred in holding for DUI sentencing purposes that [Roebuck]'s conviction was a second in ten years offense as opposed to a third in ten years based upon the defective holding in *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa.Super. 2020) that acceptance of ARD could not be treated as a prior offense?

Commonwealth's Br. at 6.

During the pendency of this appeal, this Court sitting *en banc* overruled *Chichkin*. *See Commonwealth v. Richards*, 284 A.3d 214, 220 (Pa.Super. 2022) (*en banc*) (expressly overruling *Chichkin*); *Commonwealth v. Moroz*, 284 A.3d 227, 233 (Pa.Super. 2022) (*en banc*) (same). In *Richards*,

we noted that the Vehicle Code expressly states that a prior acceptance of ARD constitutes a conviction for purposes of sentencing. 284 A.3d at 220. We found that defendants accepting ARD were on notice that their doing so would count as a prior conviction for purposes of sentencing on any later DUI conviction because it was written into the statute, and defendants are presumptively aware of relevant statutes. *Id.* We thus found no due process violation in treating ARD as a prior conviction since "a defendant **voluntarily** enters the ARD program to avoid prosecution on a first DUI charge, and he is free to reject participation in the program if he wishes to avail himself of his full panoply of constitutional rights." *Id.* (emphasis in original). We expressly overruled *Chichkin* and held "that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." *Id.* We did the same in *Moroz*. 284 A.3d at 233.

*Richards* and *Moroz* apply here. *See Commonwealth v. Cabeza*, 469 A.2d 146, 148 (Pa. 1983) (stating "where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal"). We vacate the judgment of sentence and remand for resentencing consistent with *Richards* and *Moroz*.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/27/2023