J-S44023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN KYLE WRYE | : | No. 753 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 14, 2022
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001280-2021

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: APRIL 17, 2023**

The Commonwealth of Pennsylvania appeals from the judgment of sentence entered following Nathan Kyle Wrye's guilty plea to driving under the influence of a controlled substance ("DUI"), 75 Pa.C.S.A. § 3802(d)(1)(i). Relying on ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa.Super. 2020), *overruled by **Commonwealth v. Moroz***, 284 A.3d 227 (Pa.Super. 2022) (*en banc*), the trial court sentenced Wrye as a second-time DUI offender, rather than a third-time DUI offender. The Commonwealth maintains this was error because Wrye had previously accepted a DUI-related Accelerated Rehabilitative Disposition ("ARD"), which the trial court should have considered a second conviction for purposes of imposition of a mandatory minimum sentence under 75 Pa.C.S.A. § 3804. Pursuant to ***Moroz***, 284 A.3d

---

[*] Retired Senior Judge assigned to the Superior Court.

at 233, and **Commonwealth v. Richards**, 284 A.3d 214, 220 (Pa.Super. 2022) (*en banc*), which overruled **Chichkin**, we vacate the judgment of sentence and remand for resentencing.

In March 2022, Wrye pled guilty to DUI with an agreement that his prior record included one prior DUI conviction in 2021 and one prior acceptance of DUI-related ARD in 2015. The Commonwealth preserved an argument related to the validity of the holding in **Chichkin**. In **Chichkin**, this Court held that 75 Pa.C.S.A. § 3806, which states that the term "prior offense" includes "acceptance of [ARD]," is unconstitutional to the extent it defines acceptance of ARD in a DUI case as a prior conviction for sentencing purposes. **Chichkin**, 232 A.3d at 971.The Court held that an ARD acceptance did not qualify as a prior conviction under the prior conviction exception to **Apprendi**[1] and **Alleyne**,[2] and therefore was a fact that must be presented to the factfinder and proved beyond a reasonable doubt before the court may use it to impose a mandatory minimum sentence pursuant to 75 Pa.C.S.A. § 3804. **Chichkin**, 232 A.3d at 968.

---

[1] **Apprendi v. New Jersey**, 530 U.S. 466 (2000). In **Apprendi**, the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Id.** at 490.

[2] **Alleyne v. United States**, 570 U.S. 99 (2013). In **Alleyne**, the United States Supreme Court, held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt," but the Court recognized an exception to the general rule for a prior conviction. **Id.** at 103, 111 n.1.

The trial court applied **Chichkin**, which was the binding law at the time of sentencing, and found Wrye to be a second-time offender, rather than a third-time offender. It sentenced him to 90 days to five years' imprisonment.[3] The Commonwealth filed a timely appeal.[4]

The Commonwealth raises the following issue on appeal:

> Whether the [trial court] erred in holding for DUI sentencing purposes that [Wrye's] conviction was a second in ten years offense as opposed to a third in ten years based upon the defective holding in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa.Super. 2020)[,] that acceptance of ARD could not be treated as a prior offense?

Commonwealth's Br. at 6.

The Commonwealth argues that **Chichkin** was wrongly decided and that the ARD placement procedure contains adequate due process protections "sufficient to equate ARD acceptance to a prior DUI conviction for sentencing enhancement purposes." **Id.** at 8.

The Commonwealth raises a challenge to the legality of Wrye's sentence. "A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." **Moroz**, 284 A.3d at 230 (quoting **Commonwealth v. Infante**, 63

---

[3] The mandatory minimum sentence for a third time offense where the conviction was under Section 3802(d) is one year. 75 Pa.C.S.A. § 3804(c)(3)(i).

[4] The Commonwealth filed an application to stay the appeal because the issue of the viability of **Chichkin** was pending before this Court *en banc*. We granted the application and stayed the appeal pending the issuance of the decisions in **Moroz** and **Richards**. Order, filed Sept. 1, 2022.

A.3d 358, 363 (Pa.Super. 2013)). "A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Id.*** (quoting ***Commonwealth v. Alston***, 212 A.3d 526, 528 (Pa.Super. 2019)).

Section 3804 governs mandatory minimum sentences for individuals convicted of DUI. It provides for different minimum sentences based on the crime for which the individual was convicted and whether the offense is the individual's first, second, or third or subsequent offense. 75 Pa.C.S.A. § 3804. Section 3806 defines the term "prior offense" to include the "acceptance of [ARD]":

> **(a) General rule.--**Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
>
> (2) an offense under former section 3731;
>
> (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
>
> (4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S.A. § 3806(a).

As discussed above, in ***Chichkin***, a panel of this Court held that an ARD acceptance did not qualify as a prior conviction under the prior conviction

- 4 -

exception to ***Apprendi*** and ***Alleyne***. The panel therefore held that it was a fact that had to be presented to the factfinder and proved beyond a reasonable doubt before the court may use it to impose a mandatory minimum sentence. ***Chichkin***, 232 A.3d at 968.

In ***Moroz*** and ***Richards***, this Court issued *en banc* decisions overruling ***Chichkin***. We pointed out that the Pennsylvania legislature "has 'statutorily construed [ARD] as a conviction for purposes of computing sentences on subsequent convictions.'" ***Moroz***, 284 A.3d at 233 (citation omitted) (alteration in original); ***Richards***, 284 A.3d at 220 (citation omitted) (alteration in original). The Court concluded that a defendant's acceptance of ARD is a prior conviction exempt from the holdings of ***Apprendi*** and ***Alleyne***. It reasoned that "[a]lthough the 'fact' that a defendant accepted ARD does not carry the same procedural safeguards of a conviction following a bench or jury trial," the safeguards in place are adequate. ***Moroz***, 284 A.3d at 233; ***Richards***, 284 A.3d at 220. It pointed out that section 3806(a) notifies the defendant that earlier ARD acceptance will be considered a prior DUI offense for future sentencing purposes, the defendant voluntarily enters the ARD program to avoid a prosecution on the first DUI charge, and "he is free to reject participation in the program if he wishes to avail himself of his full panoply of constitutional rights." ***Moroz***, 284 A.3d at 233; ***Richards***, 284 A.3d at 220. The Court concluded that the defendant's acceptance of ARD "fits within the limited 'prior conviction' exception set forth in ***Apprendi*** and ***Alleyne***." ***Moroz***, 284 A.3d at 233; ***Richards***, 284 A.3d at 220.

Therefore, pursuant to **Moroz** and **Richards**, trial courts should consider an acceptance of ARD to be a prior conviction under Section 3806(a) when determining whether a mandatory minimum sentence under Section 3804 should be applied. Here, the trial court did not do so. We therefore vacate the judgment of sentence and remand for re-sentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/17/2023