J-E01004-22

2022 PA Super 170

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JONATHAN RICHARDS | : | |
| | : | |
| Appellant | : | No. 1673 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 19, 2020
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000738-2020

BEFORE: PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., STABILE, J., KUNSELMAN, J., McLAUGHLIN, J., KING, J., and McCAFFERY, J.

OPINION BY KING, J.:                               **FILED OCTOBER 4, 2022**

Appellant, Jonathan Richards, appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas, following his guilty plea to two counts of driving under the influence ("DUI") and related Motor Vehicle Code violations.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. Police arrested Appellant for DUI in March 2011.  Appellant subsequently accepted and completed participation in the Accelerated Rehabilitative Disposition ("ARD") program in conjunction with this offense.  On August 31, 2019, police again stopped Appellant for DUI.  The Commonwealth charged Appellant with one count of DUI—general impairment (second offense), one count of DUI—highest rate of alcohol (second offense), and summary traffic

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (c), 3309, 3112(a)(3)(i).

offenses.

On May 20, 2020, this Court issued its opinion in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa.Super. 2020), holding that the portion of the DUI statute equating prior acceptance of ARD to a prior conviction for purposes of imposing a mandatory minimum sentence for a second or subsequent DUI offense was unconstitutional. That same day, Appellant filed a pretrial motion to bar consideration of the prior ARD acceptance at sentencing. On June 23, 2020, the Commonwealth filed a motion to treat the current DUI offense as a second or subsequent offense. The Commonwealth stated that, per **Chichkin**, it was permitted the opportunity to prove beyond a reasonable doubt that Appellant had committed the 2011 DUI underlying his ARD acceptance.

On June 24, 2020, Appellant filed a motion to bar the Commonwealth from attempting to prove the prior ARD/DUI offense. Specifically, Appellant argued that it would be illegal for the court to use his acceptance of ARD to enhance the sentence for the subsequent DUI. Also on June 24, 2020, Appellant entered an open guilty plea to all charges.

The court conducted Appellant's sentencing hearing on August 19, 2020. At that time, the court permitted the Commonwealth to present testimony from Detective Anthony Marsaglia, the arresting officer in Appellant's 2011 DUI case. Based upon this testimony, the court held that the Commonwealth had proven beyond a reasonable doubt that Appellant had committed a DUI underlying his previous ARD acceptance. Accordingly, the court treated

Appellant as a second-time DUI offender in the instant case. The court sentenced Appellant to three (3) to twenty-three (23) months' incarceration, plus a concurrent term of twenty-four (24) months of probation.

On September 1, 2020, Appellant timely filed a notice of appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on September 4, 2020. Appellant timely filed his Rule 1925(b) statement on September 24, 2020.

On October 8, 2021, a three-judge panel of this Court vacated the judgment of sentence and remanded the matter for the trial court to resentence Appellant as a first-time offender. The Commonwealth timely filed an application for reargument *en banc* on October 22, 2021. On December 20, 2021, this Court granted *en banc* review and withdrew the prior panel's decision.

Appellant now raises five issues for this Court's review:

> Whether treating an "ARD acceptance disposition" as the equivalent of a prior conviction under 75 Pa.C.S. § 3806 for recidivist mandatory minimum sentencing purposes under 75 Pa.C.S. § 3804 violates substantive and procedural due process of law?

> Is it not a fundamentally unfair violation of due process for a successfully completed ARD to be considered a prior offense for the imposition of a recidivist mandatory minimum sentence?

> Did not the unconstitutional statute, 75 Pa.C.S. § 3806, result in not only an unconstitutional mandatory minimum sentence, but also an illegal recidivist grading of the offense as a misdemeanor of the first degree under 75 Pa.C.S.A. § 3803 that unconstitutionally raised the maximum penalty

- 3 -

for the DUI offense?

Would not any purported agreement to waive a challenge to the unconstitutional statute, 75 Pa.C.S. § 3806, be an unenforceable agreement to an illegal sentence?

Whether the [trial] court erred by imposing a mandatory minimum sentence based on evidence of the defendant's guilt on the ARD acceptance case at sentencing even though this procedure did not cure the constitutional deficiencies of the statute, and by failing to recognize that any procedures to rewrite an unconstitutional statute may only be done by the legislature, not the judiciary?

(Appellant's Brief at 2-3).

"The defendant or the Commonwealth may appeal as of right the legality of the sentence." 42 Pa.C.S.A. § 9781(a). "As long as the reviewing court has jurisdiction, a challenge to the legality of the sentence is non-waivable and the court can even raise and address it *sua sponte*." **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa.Super. 2013). "A challenge to the legality of sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Alston**, 212 A.3d 526, 528 (Pa.Super. 2019).

"A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." **Infante, supra** at 363 (quoting **Commonwealth v. Catt**, 994 A.2d 1158, 1160 (Pa.Super. 2010) (*en banc*)). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Id.** (quoting **Catt, supra**

at 1160).

On appeal, Appellant argues that Section 3806, which defines "prior offenses" for purposes of DUI sentencing, violates both substantive and procedural due process by equating ARD acceptance with a prior conviction for purposes of sentencing. While Appellant recognizes that the legislature may treat recidivists with an aggravated punishment, he asserts that "[a]n acceptance of ARD, unlike a conviction, involves no finding of culpability for a charged offense because there is an absence of any guilt determination." (Appellant's Brief at 17). Appellant also claims "that it is fundamentally unfair and a violation of due process for an acceptance of ARD that was successfully completed[,] to years later be considered a 'prior offense' under Section 3806…." (*Id.* at 37). Appellant insists "that due process fairness principles require that the Commonwealth's valid legal agreement with a defendant must be enforceable." (*Id.* at 34). Further, Appellant asserts that he did not waive his right to challenge the constitutionality of Section 3806.

Further, Appellant contends that "[t]he procedure employed by the [trial] judge did not cure the unconstitutional Section 3806." (*Id.* at 47-48). Appellant contends that our "legislature's intentions with Section 3806 are clear by its terms," and the statute violates the U.S. Supreme Court's ruling in *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). (*Id.* at 48). Based upon the foregoing, Appellant concludes that this Court must find Section 3806 to be unenforceable. We disagree.

"Section 3804 [of the Motor Vehicle Code] sets forth mandatory minimum sentence terms for first, second, and subsequent DUI offenses." *Chichkin, supra* at 963. Section 3806 governs "prior offenses" as follows:

**§ 3806. Prior offenses**

**(a)      General rule.**—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1)      an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa.C.S.A. § 3806(a)(1). "Thus, a defendant who had accepted ARD for a prior DUI offense is considered a second-time offender under the Section 3804 penalty provisions." *Chichkin, supra* at 963.

"[T]he essence of the seriousness of the crime of drunk driving is that it is a life-threatening act." *Commonwealth v Lutz*, 508 Pa. 297, 312-13, 495 A.2d 928, 936 (1985). "[S]ociety, for its own protection, has an interest in carrying out the penalties prescribed by the legislature for drunk driving…." *Id*. at 307, 495 A.2d at 933. ARD is one such penalty:

The primary purpose of this program is the rehabilitation of the offender; secondarily, the purpose is the prompt disposition of charges, eliminating the need for costly and time-consuming trials or other court proceedings. These rules contemplate that ordinarily the defendants eligible for the ARD program are first offenders who lend themselves to treatment and rehabilitation rather than punishment and

>that the crime charged is relatively minor and does not involve a serious breach of the public trust. The program is intended to encourage offenders to make a fresh start after participation in a rehabilitative program and offers them the possibility of a clean record if they successfully complete the program.

Pa.R.Crim.P. Ch. 3, *Explanatory Comment*.

"ARD is not some trivial mechanism for avoiding a conviction and expunging an arrest record." **Whalen v. Com., Dept. of Transp., Bureau of Driver Licensing**, 613 Pa. 64, 75-76, 32 A.3d 677, 684 (2011). "Rather, it is an intensive process involving personal assessments, safety classes, and addiction treatment if necessary, all under court supervision…." **Id.** at 76, 32 A.3d at 684.

>[A] defendant [may] be placed in the ARD program only after he or she has requested acceptance into the program, has indicated an understanding of the proceedings, and has accepted and agreed to comply with the conditions imposed by the trial court.

**Commonwealth v. Scheinert**, 519 A.2d 422, 428 (Pa.Super. 1986), *appeal denied*, 517 Pa. 606, 536 A.2d 1330 (1987). **See also** Pa.R.Crim.P. 300-320 (governing ARD proceedings generally).

"Although ARD is legally distinct from a conviction, the General Assembly has chosen to equate ARD with a conviction under a variety of circumstances." **Whalen, supra** at 71, 32 A.3d at 681. "For example, ARD may be statutorily construed as a conviction for purposes of computing sentences on subsequent convictions." **Id.** (internal quotation marks omitted).

Regarding sentencing enhancements generally, "any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne, supra** at 103, 133 S.Ct. at 2155, 186 L.Ed.2d at ____. Both **Alleyne** and **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), however, "recognized a narrow exception to this general rule for the fact of a prior conviction." **Id**. at 111 n.1, 133 S.Ct. at 2160 n.1, 186 L.Ed.2d at ____ n.1.

> [P]rior commission of a serious crime … is as typical a sentencing factor as one might imagine. Perhaps reflecting this fact, the lower courts have almost uniformly interpreted statutes (that authorize higher sentences for recidivists) as setting forth sentencing factors, not as creating new crimes (at least where the conduct, in the absence of the recidivism, is independently unlawful).

**Almendarez-Torres v. U.S.**, 523 U.S. 224, 230, 118 S.Ct. 1219, 1224, 140 L.Ed.2d 350, ____ (1998).

This Court evaluated many of these principles in **Chichkin**, the relevant facts of which are as follows:

> Chichkin was arrested and charged with DUI for an incident that occurred on December 8, 2017. His case proceeded to a trial in Municipal Court on May 18, 2018, at which time the court found him guilty of two counts of DUI—general impairment under 75 Pa.C.S.A. § 3802(a)(1). On June 25, 2018, Chichkin was sentenced to a term of 30 days to six months' imprisonment, with two months' concurrent probation. The 30-day mandatory minimum was imposed under 75 Pa.C.S.A. § 3804(b)(2)(i), because Chichkin had accepted ARD for a prior DUI offense in 2013.

**Chichkin, supra** at 961 (internal footnote omitted).

On appeal, this Court addressed whether Section 3806's reference to

ARD as a "prior offense" violated the constitutional protections dictated by **Alleyne**. The **Chichkin** Court determined that prior acceptances of ARD could not be categorized as "prior convictions" exempt from the holdings of **Apprendi** and **Alleyne**. **See id.** at 967. Further, the Court announced that "[t]he 'fact' that a defendant accepted ARD does not carry with it the procedural safeguards of a traditional conviction following a judge or jury trial." **Id.** Consequently, **Chichkin** held that the "portion of 75 Pa.C.S. § 3806(a), which statutorily equates a prior acceptance of ARD to a prior conviction for purposes of subjecting a defendant to a mandatory minimum sentence under Section 3804, is unconstitutional." **Id.** at 968 (internal footnote omitted). The Court went on to state: "[I]f the Commonwealth seeks to enhance a defendant's DUI sentence based upon that defendant's prior acceptance of ARD, it must prove, beyond a reasonable doubt, that the defendant actually committed the prior DUI offense." **Id.** at 970-71 (internal footnote omitted).

Instantly, Appellant's first DUI incident occurred in March 2011. For this offense, Appellant was admitted into the ARD program, which he successfully completed. The second DUI occurred in September 2019. At sentencing for the second DUI, the court heard testimony from the arresting officer for Appellant's prior DUI. Based upon this testimony, the court considered the September 2019 DUI as a second offense for purposes of sentencing.

The court elaborated on its sentencing decision as follows:

> Appellant argues that Section 3806 is unconstitutional because it treats Appellant's prior acceptance of ARD as a prior DUI conviction and violates Appellant's due process [rights]. This argument must fail because the Superior Court in *Chichkin* held "if the Commonwealth seeks to enhance a defendant's DUI sentence based upon that defendant's prior acceptance of ARD, it must prove, beyond a reasonable doubt, that the defendant actually committed the prior DUI offense. Any lesser standard would violate due process concerns."
>
> This court properly sentenced Appellant as a second offender. On August 19, 2020, the Commonwealth presented evidence of Appellant's first DUI. The Commonwealth provided discovery to Appellant. Appellant called Detective Marsaglia as its witness, and Appellant had the opportunity to cross-examine Detective Marsaglia. [The c]ourt explained that this is not a full trial, the proceeding was only to show, beyond a reasonable doubt, that Appellant committed the prior DUI offense and subsequently received ARD. [The c]ourt found that the Commonwealth met its burden of proof because the Commonwealth demonstrated, through Detective Marsaglia's testimony, that Appellant was in actual physical control of a vehicle, he was driving erratically by making a wider turn than normal, he was impaired as shown by his bloodshot eyes, slurred speech, unsteadiness on his feet, and he admitted to drinking a few beers earlier in the evening.
>
> [The] court did not sentence Appellant pursuant to 75 Pa.C.S.A. § 3806(a) as Appellant contends. [The c]ourt sentenced Appellant pursuant to the mandatory minimum for a second DUI offense because the Commonwealth proved beyond a reasonable doubt that Appellant actually committed the prior DUI offense and received ARD.

(Trial Court Opinion, filed 1/5/21, at 7-8) (internal citations omitted).

Although the trial court relied on *Chichkin* to support its actions, we emphasize that our legislature has "statutorily construed [ARD] as a conviction for purposes of computing sentences on subsequent convictions." *See*

*Whalen, supra* at 71, 32 A.3d at 681. A defendant receives ARD only after he has requested acceptance into the program, indicated an understanding of the proceedings, and agreed to comply with the conditions imposed by the trial court. *See Scheinert, supra*. *See also* Pa.R.Crim.P. 312, 313. The entire assessment process for the ARD program is conducted under court supervision. *See Whalen, supra*.

The fact that ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction is written directly into Section 3806, and a defendant is presumed to be aware of the relevant statute. *See Commonwealth v. Robertson*, 186 A.3d 440, 446 (Pa.Super. 2018), *appeal denied*, 649 Pa. 179, 195 A.3d 852 (2018) (reiterating that individuals are presumed to know statutory law and developments in case law). We also note that the exception established in *Almendarez-Torres* remains in place. *See Alleyne, supra*. Significantly, we disagree with the conclusion in *Chichkin* that a defendant's prior acceptance of ARD cannot be categorized as a "prior conviction" exempt from the holdings in *Apprendi* and *Alleyne*. Although the "fact" that a defendant accepted ARD does not carry the same procedural safeguards of a conviction following a bench or jury trial, we deem the safeguards in place to be adequate. We emphasize that Section 3806(a) appropriately notifies a defendant that earlier ARD acceptance will be considered a prior DUI offense for future sentencing purposes.

Moreover, a defendant **voluntarily** enters the ARD program to avoid

prosecution on a first DUI charge, and he is free to reject participation in the program if he wishes to avail himself of his full panoply of constitutional rights. These factors of notice and voluntary ARD acceptance mitigate the due process concerns advanced in **Chichkin**. Thus, a defendant's prior acceptance of ARD fits within the limited "prior conviction" exception set forth in **Apprendi** and **Alleyne**. **See Almendarez-Torres, supra**.

Accordingly, we expressly overrule **Chichkin**. We now hold that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster. Here, despite the trial court's reliance on **Chichkin**, it still imposed a Section 3804 mandatory sentence in light of Appellant's acceptance of ARD for a prior DUI. Therefore, we affirm the judgment of sentence, albeit on different grounds.[2] **See Infante, supra**.

Judgment of sentence affirmed.

President Judge Panella, Judge Bowes and Judge McLaughlin join this opinion.

Judge Stabile files a concurring opinion.

---

[2] "[W]here the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." **Commonwealth v. Lehman**, 275 A.3d 513, 520 n.5 (Pa.Super. 2022) (quoting **Commonwealth v. Singletary**, 803 A.2d 769, 772-73 (Pa.Super. 2002)).

J-E01004-22

Judge McCaffery files a dissenting opinion, in which President Judge Emeritus Bender, Judge Lazarus and Judge Kunselman join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/4/2022

- 13 -