IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tammy Meeker,                           :
        Appellant               :
                                     :
      v.                      :   No. 397 C.D. 2021
                                     :   Submitted: September 16, 2022
Commonwealth of Pennsylvania,           :
Department of Transportation,           :
Bureau of Driver Licensing              :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT          FILED:  January 12, 2023

        Tammy Meeker (Licensee) appeals a decision of the Court of Common Pleas of Monroe County (trial court) dismissing her statutory appeal of the decision of the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT), to suspend her operating privilege for driving under the influence (DUI). On appeal, Licensee argues that because PennDOT based its 12-month suspension on a prior DUI offense for which she had successfully completed Accelerated Rehabilitative Disposition (ARD), PennDOT lacked a basis to suspend her operating privilege. For the reasons that follow, we affirm the trial court.

        The facts in this matter are not in dispute. On August 2, 2018, Licensee was accepted into ARD based on a January 27, 2018, charge of DUI, in violation of Section 3802(a)(1) of the Vehicle Code, 75 Pa. C.S. §3802(a)(1). Supplemental Reproduced Record at 11b-12b, 14b (S.R.R. __). In accordance with Section

3807(d)(2) of the Vehicle Code, 75 Pa. C.S. §3807(d)(2) (relating to mandatory suspension of operating privilege for ARD), PennDOT suspended Licensee's driver's license for 30 days beginning August 1, 2018, and her license was restored on August 31, 2018.

On July 24, 2020, Licensee was convicted of DUI for conduct that occurred on November 4, 2018. On August 4, 2020, PennDOT notified Licensee that it was suspending her operating privilege for 12 months, effective September 8, 2020. Licensee appealed.

A *de novo* hearing before the trial court was held on December 17, 2020. At the hearing, PennDOT submitted a certified packet of documents, including the DL-21 Form dated August 9, 2018, showing Licensee's previous acceptance of ARD for the January 2018 DUI offense. The certified packet also included a DL-21 Form dated July 27, 2020, showing Licensee's July 24, 2020, conviction for the November 2018 DUI offense. The exhibits were admitted into evidence. Licensee did not present any evidence and did not testify.

Before the trial court, PennDOT argued that Licensee's acceptance of ARD for a DUI offense constituted a prior offense under Section 3806 of the Vehicle Code, 75 Pa. C.S. §3806. Therefore, it properly imposed a 12-month suspension of her operating privilege following her 2020 DUI conviction.

Licensee countered that her ARD for a DUI charge should not be considered a prior offense for purposes of a license suspension. In *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020),[1] the Pennsylvania Superior Court held Section 3806(a) of the Vehicle Code, which treats an ARD acceptance as a prior

---

[1] On October 4, 2022, the Superior Court overruled the decision in *Chichkin*. *See infra* at 7.

2

offense for purposes of sentencing, to be unconstitutional. Licensee argued that the holding in *Chichkin* should be extended to license suspensions.

On March 3, 2021, the trial court entered an order dismissing Licensee's appeal. In its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), PA. R.A.P. 1925(a), the trial court explained that *Chichkin*, 232 A.3d 959, was irrelevant. In *Chichkin*, the defendant was convicted of two counts of DUI and sentenced to 30 days to 6 months because of a 2013 DUI offense, for which he had completed ARD. In *Alleyne v. United States*, 570 U.S. 99 (2013), the United States Supreme Court held that an ARD acceptance is not a conviction because a mandatory minimum sentence must be determined by a jury under a "beyond a reasonable doubt" standard. *Chichkin*, 232 A.3d at 964. Similarly, in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court declared that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Chichkin*, 232 A.3d at 965 (quoting *Apprendi*, 530 U.S. at 490). Because Section 3806(a) of the Vehicle Code treated an acceptance into ARD as a prior conviction for purposes of subjecting a defendant to a mandatory minimum sentence, Section 3806(a) of the Vehicle Code was declared unconstitutional. *Chichkin*, 232 A.3d at 968.

The trial court agreed that Licensee's acceptance of ARD cannot be considered a prior offense for the purpose of sentencing. However, Licensee's appeal concerned a license suspension, which is a civil matter. Because her prior ARD imposed a civil consequence, as opposed to an enhanced criminal penalty, the trial court concluded that *Chichkin* was not applicable.

3

On appeal,[2] Licensee raises one issue. She argues that her due process rights were violated when PennDOT suspended her driving privilege based on a prior DUI offense, for which she accepted ARD. In making her argument, Licensee relies on *Chichkin*, 232 A.3d 959.

Section 3802(a) of the Vehicle Code establishes various offenses related to driving under the influence of alcohol. It states:

> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

> (2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa. C.S. §3802(a). For violations of Section 3802, the Vehicle Code provides both criminal and civil sanctions. Section 3804(e) provides, in relevant part, as follows:

> (1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
> > (i)     an offense under section 3802;[]
> > 　　　　　　　* * *

---

[2] This Court's standard of review determines whether the trial court's factual findings are supported by substantial evidence, whether the trial court committed an error of law, or whether the trial court abused its discretion. *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628, 630 n.4 (Pa. Cmwlth. 2021).

(2) Suspension under paragraph (1) shall be in accordance with the following:

> (i)     Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.

> * * *

> (iii) There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no *prior offense*.

75 Pa. C.S. §3804(e) (emphasis added). "Prior offense" is defined as follows:

> (a) General rule.--Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

>> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

>> (2) an offense under former section 3731;

>> (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

>> (4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa. C.S. §3806(a).

Relying on *Chichkin*, Licensee argues that her acceptance into ARD cannot be considered as a prior offense for a license suspension. This question was recently decided by this Court in *Ferguson*, 267 A.3d at 628, *petition for allowance*

*of appeal granted*, 280 A.3d 859 (Pa. 2022),[3] *petition for supersedeas and stay granted* (Pa., No. 73 MAP 2022, filed July 7, 2022).[4]   There, the licensee was charged with DUI in violation of Section 3802(a)(1) of the Vehicle Code and was accepted into ARD, which he successfully completed.  Eight years later, the licensee pled guilty to a DUI in violation of Section 3802(a)(1).  PennDOT suspended the licensee's operating privilege for 12 months in accordance with Section 3804(e)(2)(i) of the Vehicle Code.  Before this Court, relying on *Chichkin*, the licensee argued that his acceptance and completion of ARD could not be considered a prior offense under Section 3806(a)(1) of the Vehicle Code because the DUI charge was dismissed.  The licensee further argued that treating the acceptance of ARD as a prior offense violated both procedural and substantive due process.  We rejected these arguments.

We explained that *Chichkin* dealt with prior acceptance of ARD in a DUI case "for purposes of subjecting a defendant to a mandatory minimum criminal sentence" under the criminal sentencing provisions in Section 3804(a)-(d) of the Vehicle Code.  *See* 75 Pa. C.S. §3804(a)-(d).  However, Section 3804(e) of the Vehicle Code addresses the suspension of a licensee's operating privilege.  Although

---

[3] On June 22, 2022, the Pennsylvania Supreme Court granted the petition for allowance of appeal. The issue on appeal is as follows:

> Did the Commonwealth Court err by ignoring the controlling decisions of this Court and the United States Supreme Court [by] holding that DUI statutes that penalize a defendant with a lengthy license suspension as a recidivist based on a prior acceptance of ARD disposition do not violate due process under the Pennsylvania and United States Constitutions even though the defendant who accepts ARD is presumed innocent and there is no proof of guilt?

*Ferguson*, 280 A.3d at 860.

[4] Licensee's brief was filed on September 23, 2021, before this Court's decision in *Ferguson* on December 22, 2021.  For this reason, Licensee does not address *Ferguson* or its progeny in her brief to this Court.

6

the ARD program is criminal in nature, a license suspension resulting from ARD is civil in nature. This collateral consequence of the criminal proceeding did not invalidate Section 3806(a) of the Vehicle Code. We reasoned that in a license suspension, "the only issues are whether the licensee was in fact convicted, and whether PennDOT has acted in accordance with applicable law." *Ferguson*, 267 A.3d at 633 (quoting *Spagnoletti v. Department of Transportation, Bureau of Driver Licensing*, 90 A.3d 759, 766 (Pa. Cmwlth. 2013)).

More recently, in *Hazlett v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1007 C.D. 2020, filed September 30, 2022) (unreported), *Owens v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1268 C.D. 2022, filed September 30, 2022) (unreported), and *Boals v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1266 C.D. 2020, filed October 20, 2022) (unreported), this Court again confirmed that *Chichkin* is not applicable to license suspension cases, and the licensee's ARD is a prior offense as defined in Section 3806(a) of the Vehicle Code.[5]

Additionally, on October 4, 2022, the Superior Court overruled *Chichkin*. *See Commonwealth v. Moroz*, 284 A.3d 227 (Pa. Super. 2022) (*en banc*); *see also Commonwealth v. Richards*, 284 A.3d 214 (Pa. Super. 2022) (*en banc*). It held that treating a prior acceptance into ARD as a prior conviction for purposes of imposing a mandatory minimum sentence under Section 3804 of the Vehicle Code "passes constitutional muster." *Moroz*, 284 A.3d at 233. The Superior Court explained that Section 3806 of the Vehicle Code appropriately notifies an individual that ARD will constitute a prior offense for purposes of sentencing on a second or

---

[5] Unreported panel decisions of this Court, "issued after January 15, 2008," may be cited "for [their] persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

subsequent DUI. "Moreover, a defendant voluntarily enters the ARD program to avoid prosecution on a first DUI charge, and he is free to reject participation in the program if he wishes to avail himself of his full panoply of constitutional rights." *Id*.

Based on *Ferguson* and its progeny, we reject Licensee's argument that acceptance of ARD for a DUI offense cannot be treated as a prior offense for purposes of a license suspension for a DUI conviction. Licensee's previous ARD constitutes a prior offense as defined by Section 3806(a) of the Vehicle Code and supports PennDOT's 12-month suspension of her driver's license.

Accordingly, the trial court's order is affirmed.


_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tammy Meeker, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 397 C.D. 2021 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | |

## **O R D E R**

AND NOW, this 12th day of January, 2023, the order of the Court of Common Pleas of Monroe County dated March 3, 2021, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita