J-S35045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VALERIE JEAN JORDAN | : | No. 833 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 22, 2021
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001220-2020

BEFORE: OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: APRIL 19, 2023**

The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed in the Court of Common Pleas of Centre County (trial court) on Valerie Jean Jordan (Jordan) following her entry of an open guilty plea to driving under the influence of alcohol (DUI), as a first-time DUI offender.[1] On appeal, the Commonwealth contends that Jordan's prior acceptance of Accelerated Rehabilitative Disposition ("ARD") constitutes a prior offense. Applying this Court's recent decisions in ***Commonwealth v. Richards***, 284 A.3d 214 (Pa. Super. 2022) (*en banc*), *appeal granted*, 518 MAL 2022 (Pa. Mar. 15, 2023), and ***Commonwealth v. Moroz***, 284 A.3d 227 (Pa. Super.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(b) (high rate of alcohol).

2022) (*en banc*), we vacate the judgment of sentence and remand for resentencing.

**I.**

The relevant facts and procedural history of this case are as follows. On June 14, 2020, police arrested Jordan for DUI after a traffic stop in which they observed signs of her impairment including a strong odor of alcohol and her red, glassy eyes. Jordan admitted to drinking alcohol and consented to a blood draw, which measured her blood alcohol content at .133 percent. The Commonwealth charged Jordan with various traffic and DUI-related offenses.

On March 23, 2021, Jordan entered an open guilty plea to one count of DUI (high rate of alcohol) and the remaining charges were *nolle prossed*. At the May 24, 2021 sentencing hearing, defense counsel argued that Jordan must be sentenced as a first-time offender under this Court's decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), despite her acceptance of ARD for a 2013 DUI offense. The **Chichkin** Court held that the portion of the DUI statute equating prior acceptance of ARD to a prior conviction for purposes of imposing a mandatory minimum sentence for a second or subsequent DUI offense was unconstitutional. **See Chichkin** at 961.[2] The Commonwealth objected and stated its position that Jordan should

_____

[2] **See also** 75 Pa.C.S. § 3806(a) (classifying ARD as a prior offense in a DUI prosecution), 75 Pa.C.S. § 3804 (setting forth heightened mandatory minimum sentencing requirements for second, third and subsequent DUI
*(Footnote Continued Next Page)*

be sentenced as a second-time offender. The trial court found that **Chichkin** controlled and sentenced Jordan to six months of probation with restrictive DUI conditions.[3] The Commonwealth timely appealed and it and the trial court complied with Rule 1925. **See** Pa.R.A.P. 1925(a)-(b).

## II.

The Commonwealth challenges the application of **Chichkin** in light of more recent case law and requests that this case be remanded for resentencing in light of Jordan's prior ARD acceptance. It points to this Court's recent *en banc* decisions in **Richards** and **Moroz**, **supra**, which were issued while the instant matter was pending on appeal, as controlling this issue. (**See** Commonwealth's Brief, 11/28/22, at 33-37).[4] We agree.

As we recently explained in **Commonwealth v. Hummel**, 2023 WL 276443 (Pa. Super. filed April 4, 2023):

> [The] **Richards** and **Moroz** [] decisions emphasize that the General Assembly provided that 'ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction . . . , and a defendant is presumed to be aware of the

---

offenses) and 75 Pa.C.S. § 3806(a) (defining a "prior offense" as "any conviction for which judgment of sentence has been imposed, . . . acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation[.]")

[3] The trial court entered an amended sentencing order on June 22, 2021, for the apparent purpose of correcting the docket number listed in the caption.

[4] Because this issue concerns the legality of Jordan's sentence, our standard of review is *de novo* and our scope of review is plenary. **See Moroz**, **supra** at 230.

- 3 -

> relevant statute.' ***Richards***, 284 A.3d at 220 (citation omitted); ***Moroz***, 284 A.3d at 233. The nearly identical decisions therefore expressly overruled ***Chichkin*** and held 'the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster.' ***Richards***, 284 A.3d at 220; ***Moroz***, 284 A.3d at 233.

***Id.*** at *1.

Instantly, the trial court did not apply Jordan's prior acceptance of ARD as a prior conviction and sentenced her as a first-time offender for the current DUI offense. As a result of our decisions in ***Richards*** and ***Moroz***, the trial court's ruling based upon ***Chichkin***, while correct at the time, must be reversed now. ***See Hummel***, ***supra*** at *2 (explaining that appellate courts apply law in effect at time of decision and parties will be entitled to benefit of any changes in law occurring before judgment of sentence is final).[5] Accordingly, we vacate Jordan's judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

_____

[5] We note that while the Pennsylvania Supreme Court recently addressed application of ***Chichkin*** in ***Commonwealth v. Verbeck***, 2023 WL 2342406 (Pa. filed Feb. 28, 2023), the Court was equally divided and the decision, therefore, does not establish a binding precedent. ***See Hummel***, ***supra*** at *1 n.1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/19/2023