J-S08033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KEVIN LEE SHOLAR | : | No. 385 MDA 2022 |

Appeal from the Judgment of Sentence Entered February 1, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004181-2021

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: MAY 8, 2023**

The Commonwealth appeals from the judgment of sentence imposed following the guilty plea of Appellee, Kevin Lee Sholar, to driving under the influence ("DUI")—high rate of alcohol and required financial responsibility.[1] We vacate the judgment of sentence and remand for resentencing.

On July 11, 2021, Appellee was arrested and charged with various DUI offenses and required financial responsibility after being involved in a single-vehicle crash.  The DUI offenses were charged as second offenses based upon Appellee's resolution of a prior DUI charge through the accelerated rehabilitative disposition ("ARD") process.  On December 7, 2021, Appellee entered an open guilty plea to one count of DUI—high rate of alcohol and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(b) and 1786(f), respectively.

required financial responsibility, noting his objection to the DUI being treated as a second offense for the purpose of sentencing. N.T., 12/7/21, at 6. Sentencing was deferred to permit the Commonwealth to present argument as to whether the instant DUI offense should be considered a first or second offense. *Id.* at 7-8.

At that time, this Court's decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), set forth the prevailing law on whether acceptance of ARD in an earlier DUI case could be considered a prior offense for sentencing in a subsequent DUI prosecution. In **Chichkin**, we held that the classification of ARD as a prior offense in Section 3806(a) of the Vehicle Code violated due process and therefore a defendant could not be sentenced as a recidivist DUI offender on that basis. *Id.* at 969-71; 75 Pa.C.S. § 3806(a) (defining a "prior offense" to include acceptance of ARD); *see also* 75 Pa.C.S. § 3804 (setting forth escalating mandatory minimums for first, second, and subsequent DUI offenses).

At the February 1, 2022 sentencing hearing, the trial court did not permit the Commonwealth to submit Appellee's certified driving record as proof that he committed the prior DUI offense that was resolved through ARD. N.T., 2/1/22, at 2-4. The court indicated that it was treating Appellee's plea to DUI—high rate of alcohol as a first offense and sentenced him to pay a $500 fine and serve six months on restrictive probation, including two days of house arrest, on the DUI charge. *Id.* at 8; Sentencing Order, 2/1/22. The trial court further ordered Appellee to pay a fine of $200 on the required financial

responsibility charge. N.T., 2/1/22, at 8; Sentencing Order, 2/1/22. The Commonwealth then filed this timely appeal.

The Commonwealth raises the following issue before this Court:

Whether the [t]rial [c]ourt improperly sentenced [Appellee] as a first-time offender to Driving Under the Influence?

Commonwealth Brief at 4. The Commonwealth argues on appeal that **Chichkin** was wrongly decided as the decision is based upon a flawed reading of our precedent as well as **Alleyne v. United States**, 570 U.S. 99 (2013), and that Pennsylvania's ARD procedure provides adequate due process protections such that ARD can be considered a prior offense for sentencing purposes.

The Commonwealth's argument implicates the legality of Appellee's sentence, which the Commonwealth may appeal as of right. **See** 42 Pa.C.S. § 9781(a); **Commonwealth v. Moroz**, 284 A.3d 227, 230 (Pa. Super. 2022) (*en banc*). A claim relating to the legality of a sentence presents a question of law as to which our standard of review is *de novo* and our scope of review is plenary. **Moroz**, 284 A.3d at 230.

This Court's *en banc* decisions in **Commonwealth v. Richards**, 284 A.3d 214, 217 (Pa. Super. 2022) (*en banc*), **appeal granted**, No. 518 MAL 2022 (Pa. March 15, 2023), and **Moroz**, which were filed during the pendency of this appeal, squarely address the issue presently before this Court. As we have recently explained,

The [**Richards** and **Moroz**] decisions emphasize that the General Assembly provided that "ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction . . ., and a defendant is presumed to be aware of the relevant statute." **Richards**, 284 A.3d at 220 (citation omitted); **Moroz**, 284 A.3d at 233. The nearly identical decisions therefore expressly overruled **Chichkin** and held "the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." **Richards**, 284 A.3d at 220; **Moroz**, 284 A.3d at 233.

**Commonwealth v. Hummel**, ___ A.3d ___, 2023 PA Super 57, *3-4 (Pa. Super. filed April 4, 2023) (footnote omitted).[2]

Here, the trial court disregarded Appellee's earlier acceptance of ARD and sentenced him as a first-time DUI offender in accordance with **Chichkin**. Under **Richards** and **Moroz**, this ruling was in error. **See Moroz**, 284 A.3d at 233 (concluding that "the trial court erred in sentencing [the a]ppellee as a first-time DUI offender without considering his acceptance of ARD for a prior DUI"); **Hummel**, 2023 PA Super 57, *4 (same); **see also Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018) (noting that Pennsylvania

---

[2] Our Supreme Court addressed this issue more recently in **Commonwealth v. Verbeck**, 290 A.3d 260 (Pa. 2023), splitting evenly on the question of whether a DUI ARD falls within the "prior conviction" exception to the general rule that a fact that increases punishment must be submitted to the fact finder and proven beyond a reasonable doubt. While our Supreme Court's ruling had the effect of affirming this Court's decision remanding for the defendant's resentencing as a first-time offender, **Verbeck** lacks precedential effect. **See Commonwealth v. Mosley**, 114 A.3d 1072, 1082 n.11 (Pa. Super. 2015) ("When a judgment of sentence is affirmed by an equally divided court, [] no precedent is established and the holding is not binding on other cases."). Therefore, our en banc decisions of **Richards** and **Moroz** remain the binding law on this issue. **See Hummel**, 2023 PA Super 57, *4 n.1.

appellate courts apply law in effect at time of decision and parties are entitled to benefit of changes in law while direct appeal is pending). We therefore vacate Appellee's judgment of sentence and remand for resentencing consistent with this decision. *See Moroz*, 284 A.3d at 233; *Hummel*, 2023 PA Super 57, *4.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge McCaffery files a concurring statement in which Judge Colins joins.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2023