**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   :            PENNSYLVANIA

            v.                      :

BRIAN K. WRIGHT                :

           Appellant          :     No. 478 WDA 2023

Appeal from the Judgment of Sentence Entered March 23, 2023
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000200-2022

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:           **FILED: JANUARY 5, 2024**

Appellant, Brian K. Wright, appeals from the judgment of sentence entered on March 23, 2023 in the Criminal Division of the Court of Common Pleas of Armstrong County. We affirm.

The relevant procedural facts are straightforward. Appellant was charged with driving under the influence (DUI) in violation of 18 Pa.C.S.A. § 3802(a)(2) on or about January 25, 2022; thereafter, he pled guilty to that offense on November 2, 2022. Appellant had a prior DUI arrest from 2015 in Arizona that was resolved by a pretrial diversionary program substantially similar to Pennsylvania's Accelerated Rehabilitation Disposition program (ARD). On March 23, 2023, Appellant was sentenced to 5 days to 6 months imprisonment, which is the standard sentence for a Tier 1, second offense

---

[*] Former Justice specially assigned to the Superior Court.

DUI. Appellant filed post-sentence motions which were denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a). Appellant then filed an appeal with this Court.

On appeal, Appellant argues in his brief that the trial court violated due process, his right to a jury trial, and his right to equal protection under the law in treating his completion of a pretrial diversionary program in 2015 as a "prior conviction" pursuant to 75 Pa.C.S.A. § 3806 and in imposing enhanced penalties under 75 Pa.C.S.A. § 3804. **See** Appellant's Brief at 4-5. These contentions merit no relief.

Appellant claims that his most recent DUI should have been treated as a first offense, as we held in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020). In **Chichkin**, we said that a DUI that was resolved under an ARD program cannot be treated as a prior offense for sentencing purposes in a subsequent DUI because the prosecution had no burden to prove the supporting facts beyond a reasonable doubt. **See Chichkin,** 232 A.3d at 971.

**Chichkin** was subsequently overruled by an *en banc* panel of this Court in a pair of cases captioned as **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (*en banc*) and **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022) (*en banc*). **See Commonwealth v. Hummel**, 295 A.3d 719, 721 (Pa. Super. 2023). Interpreting 18 Pa.C.S.A. § 3806, **Moroz** held that a DUI that was disposed of by participation in an ARD program can be considered a prior conviction for sentencing purposes in a subsequent DUI prosecution. **See Moroz,** 284 A.3d at 233. **Moroz** and **Richards** overruled

*Chichkin* on October 4, 2022, defining - as of that date - the state of Pennsylvania law. Accordingly, the approach adopted in *Moroz* and *Richards* applied when Appellant entered his guilty plea and received his sentence. *See Commonwealth v. Chesney*, 196 A.3d 253, 257 (Pa. Super. 2018) (parties are entitled to benefit of changes in the law occurring before a judgment of sentence becomes final). Hence, the trial court correctly applied *Moroz* and *Richards* in this case.

Appellant's reliance upon the later decision of our Supreme Court in *Commonwealth v. Verbeck,* 290 A.3d 260 (Pa. 2023) is unavailing. Although *Verbeck* upheld the view we expressed in *Chichkin*, *Verbeck* represented a 3-3 split on the Supreme Court; thus, the decision only had the effect of affirming the Superior Court ruling then under review. It lacked precedential value as a majority announcement of the Supreme Court's position on the matter. Since *Verbeck* was a split decision of the Supreme Court and was not precedential, it did not overrule *Moroz* and *Richards*, and those cases remain binding law. *See Commonwealth v. Shifflett*, 2023 WL 3051454, at *5 (Pa. Super. 2023) ("Pursuant to *Richards, supra*, and *Moroz, supra*, which remain current and binding precedents in light of our Supreme Court's non-precedential determination in *Verbeck, supra*, the Commonwealth was permitted to introduce evidence of Shifflett's prior ARD-DUI at the time of sentencing to establish that his current DUI offense was a second offense."). The trial court correctly applied the prevailing case law in this matter. As a result, Appellant is not entitled to the relief he seeks.

- 3 -

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

FILED: 1/5/2024