J-S32036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL FRANK GERBER JR. | : | |
| | : | |
| Appellant | : | No. 1077 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 5, 2024
In the Court of Common Pleas of Carbon County Criminal Division at
No(s):  CP-13-CR-00000034-2021

BEFORE:  LAZARUS, P.J., STABILE, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                **FILED DECEMBER 2, 2024**

Appellant, Michael Frank Gerber, Jr., appeals from the judgment of sentence entered in the Carbon County Court of Common Pleas, following his guilty plea to driving under the influence of alcohol or a controlled substance ("DUI").[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On July 31, 2020, [Appellant] was arrested following a traffic stop and was subsequently charged with four counts of [DUI], two counts of possession of a controlled substance, and one count of driving under suspension.  [Appellant] pled guilty to one count of [DUI], impaired ability, under 75 Pa.C.S.A. § 3802(d)(2), as a second offense, a misdemeanor of the first degree.
>
> On April 5, 2024, [Appellant] was sentenced to a period of

_____

[1] 75 Pa.C.S.A. § 3802(d)(2).

imprisonment of not less than ninety days nor more than five years [of imprisonment]. The ninety-day mandatory minimum was imposed under 75 Pa.C.S.A. § 3804(c)(2)(i) because [Appellant] had accepted [Accelerated Rehabilitative Disposition ("ARD")] for a prior DUI in 2016. [Appellant's] prior ARD was considered a prior offense under Section 3806 of the Vehicle Code[.]

\* \* \*

Also on April 5, 2024, following his sentencing, [Appellant] filed a Post-Sentence Motion, raising two issues: (1) for the court to make him eligible for work release and (2) for the court to reconsider and modify his sentence, to treat his conviction as a first offense and not consider his prior ARD as a prior offense, and to defer ruling on this issue for 120 days pending the Pennsylvania Supreme Court's decision in **Commonwealth v. Richards**, [284 A.3d 214 (Pa.Super. 2022) (*en banc*), *appeal granted*, ___ Pa. ___, 294 A.3d 300 (2023)], in which the constitutionality of treating ARD as a prior offense was then before the Supreme Court. By Order dated April 9, 2024, we granted [Appellant's] request to be made eligible for immediate work release, but denied his Motion to the extent it challenged [Appellant's] prior ARD in 2016 as a first offense in the computation of his instant DUI conviction as a second offense.

On April 10, 2024, [Appellant] filed an appeal from the [judgment] of sentence as made final by the denial of his Post-Sentence Motion. In response to our order dated April 10, 2024, directing [Appellant] to file a concise statement of the errors complained of on appeal no later than twenty-one days from the entry of the order (**see** Pa.R.A.P. 1925(b)), [Appellant] timely filed his Concise Statement on April 12, 2024. …

(Trial Court Opinion, filed May 31, 2024, at 1-3) (internal footnote omitted).

Appellant raises the following issues for our review:

In light of **Alleyne v. United States**, [570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)] is it not unconstitutional to consider an acceptance of ARD as [a] prior offense for sentencing purpose[s] without the

procedural protections afforded by **All[ey]ne**, *i.e.*, a prior offense can only be determined by proof beyond a reasonable doubt[?]

Is it not fundamentally unfair and [a] violation of due process to equate a prior acceptance of ARD with a prior conviction [for] purposes of a recidivist mandatory minimum sentence even though that acceptance involved no proof beyond a reasonable doubt.

(Appellant's Brief at 4).

Preliminarily, Appellant acknowledges this Court's decisions in **Richards, supra** and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa.Super. 2022) (*en banc*), in which this Court expressly held that a defendant's placement in ARD following a DUI arrest constituted a "prior offense" for purposes of DUI sentencing. Appellant further acknowledges that the issues he raises on appeal are identical to those pending before the Supreme Court in **Richards**. Thus, Appellant filed this appeal to preserve his rights "should the Pennsylvania Supreme Court overturn [**Richards, supra**], and determine that admission into ARD is not considered a first DUI offense for grading purposes[.]" (Appellant's Brief at 13).[2]

_____

[2] Appellant also cites our Supreme Court's decision in **Commonwealth v. Verbeck**, ____ Pa. ____, 290 A.3d 260 (2023) (plurality), where the justices were evenly divided on the issue of whether a defendant's acceptance into an ARD program qualified as a prior conviction that could compel an increased sentence for DUI. Nevertheless, "[w]hile the ultimate order of a plurality opinion, *i.e.*, an affirmance or reversal, is binding on the parties in that particular case, legal conclusions and/or reasoning employed by a plurality certainly do not constitute binding authority." **Commonwealth v. Brown**, 23 A.3d 544, 556 (Pa.Super. 2011) (internal citation omitted).

Instantly, the trial court explained:

> In [**Richards, supra**], the Pennsylvania Superior Court held that "the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." **Id.** at 220. Its material facts—prior ARD, subsequent conviction of a new DUI offense, treatment of the prior ARD as a first offense for sentencing—are on all fours with the facts at issue here. Its holding is binding on us and confirms the constitutionality of treating [Appellant's] prior ARD as a first offense for sentencing. **See also** [**Moroz, supra**] (same).

(Trial Court Opinion at 7-8). We agree with the trial court that **Richards** is dispositive here. Although **Richards** remains pending with our Supreme Court, we are still bound by its holding. **See Commonwealth v. Boyd**, 284 A.3d 895 (Pa.Super. 2022) (reiterating general rule that appellate courts apply law in effect at time of appellate review). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/2/2024