J-S36012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                      :            PENNSYLVANIA
                                                      :
                     v.                            :
                                                      :
                                                      :
DANIEL T. NICHOLAS                    :
                                                      :
                 Appellant                     :   No. 659 MDA 2024

Appeal from the Judgment of Sentence Entered April 3, 2024
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000207-2023

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

JUDGMENT ORDER BY LAZARUS, P.J.:          **FILED AUGUST 01, 2025**

Daniel T. Nicholas appeals from the judgment of sentence, entered in the Court of Common Pleas of Union County, after he entered a guilty plea to Driving Under the Influence—Combination Alcohol/Drug—3rd Offense (DUI—third offense).[1]  We vacate and remand for resentencing.

At Nicholas' guilty plea hearing, the Commonwealth placed the following factual summary on the record:  "[O]n May 6[], 2023[,] in [] Lewisburg,[] Nicholas drove a vehicle on a highway of the Commonwealth at the time when he was under the combined influence of alcohol at a .19 percent blood-alcohol level and also under the influence of marijuana."  N.T. Guilty Plea Hearing, 4/3/24, at 7.

---

[1] 75 Pa.C.S.A. § 3802(d)(3).

Nicholas was subsequently charged with, *inter alia*, DUI—third offense, and he ultimately entered into a negotiated guilty plea wherein he agreed to plead guilty in exchange for the Commonwealth recommending a sentence of restrictive probation. ***See id.*** at 4-5 (trial court placing guilty plea conditions on record and explaining DUI—third offense minimum sentencing requirements). By way of background, Nicholas had completed the Accelerated Rehabilitative Disposition program (ARD) for his first DUI offense. ***See id.*** at 8-9. The trial court explained that, under the law espoused in ***Commonwealth v. Richards***, 284 A.3d 214 (Pa. Super. 2022) (en banc), and ***Commonwealth v. Moroz***, 284 A.3d 227 (Pa. Super. 2022) (en banc), where Nicholas' ARD is statutorily construed as a conviction for purposes of computing his sentence on this subsequent conviction, Nicholas was pleading guilty to his third offense of DUI. ***See*** N.T. Guilty Plea Hearing, 4/3/24, at 10-11. Nicholas' counsel conceded that ***Richards*** and ***Moroz*** were binding law, and that counsel intended to preserve the issue for appeal. ***See id.*** at 9-10.

On the same day, the trial court sentenced Nicholas for his conviction of DUI—third offense, in accordance with ***Richards*** and ***Moroz***, to a period of 7 years' restrictive probation. Additionally, the trial court ordered that Nicholas pay fines, fees, and costs of prosecution and attend Alcohol Highway Safety School. Nicholas did not file a post-sentence motion. Nicholas filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Nicholas challenged the trial court's consideration of his prior ARD acceptance as a first DUI conviction.

*See* Appellant's Brief, at 5, 8-24. This Court affirmed. *See Commonwealth v. Nicholas*, 659 MDA 2024 (Pa. Super. filed Oct. 17, 2024) (unpublished judgment order). Nicholas filed a petition for allowance of appeal and, on June 18, 2025, the Pennsylvania Supreme Court entered an order vacating this Court's order and remanding to this Court for reconsideration in light of its decision in *Commonwealth v. Shifflett*, 335 A.3d 1158 (Pa. 2025). *See Commonwealth v. Nicholas*, 582 MAL 2024 (June 18, 2025).

In *Shifflett*, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions in *Alleyne v. United States*, 570 U.S. 99 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000):

> In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in *Apprendi* and *Alleyne* was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in *Apprendi* and *Alleyne*. Thus, an individual's previous acceptance of ARD, which, when construed as a prior offense under [s]ection 3806 to increase the penalty for a subsequent conviction pursuant to [s]ection 3804, is a fact that must be submitted to a jury and proven beyond a reasonable doubt.

*Shifflett*, 335 A.3d at 1175.

Thus, our Supreme Court has expressly determined that an individual's previous acceptance of ARD is a fact that must be proven beyond a reasonable doubt for enhanced statutory penalties to apply. Based upon the express

holding in **Shifflett**, we vacate Nicholas' judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/01/2025