J-S36007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMY LOUISE BITLER | : | |
| | : | |
| Appellant | : | No. 29 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 7, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000307-2023

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

JUDGMENT ORDER  BY LAZARUS, P.J.:　　　　　**FILED AUGUST 01, 2025**

Amy Louise Bitler appeals from the judgment of sentence, entered in the Court of Common Pleas of Lycoming County, after entering a guilty plea to Driving Under the Influence—Highest Rate—2nd Offense (DUI—second offense).[1] We vacate Bitler's judgment of sentence and remand for resentencing.

On August 21, 2022, Bitler was arrested and charged with DUI—second offense and several Vehicle Code violations after operating a vehicle with a blood alcohol content of .26 on College Place in Williamsport. Subsequently, on July 7, 2023, Bitler entered into a negotiated plea agreement wherein she agreed to plead guilty to DUI—second offense and, in exchange, the remaining offenses were dismissed and the Commonwealth recommended electronic

---

[1] 75 Pa.C.S.A. § 3802(c).

home monitoring. Relevantly, Bitler had previously completed the Accelerated Rehabilitative Disposition program (ARD) for her first DUI offense. **See** N.T. Sentencing Hearing, 12/7/23, at 1-8 (trial court discussing Bitler's prior ARD acceptance).

At sentencing, the trial court explained that, under the law espoused in **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022) (en banc) and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (en banc), Bitler's ARD was statutorily construed as a conviction for purposes of computing her sentence on this subsequent conviction. Thus, Bitler was required to be sentenced as though this was her second DUI offense. **See** N.T. Sentencing Hearing, 12/7/23, at 1-5, 9-10. Ultimately, the trial court sentenced Bitler for her conviction of DUI—second offense, in accordance with **Richards** and **Moroz**, to a period of 5 years' restrictive probation on electronic home monitoring. Bitler filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Bitler challenged the trial court's consideration of her prior ARD acceptance as a first DUI conviction. **See** Brief for Appellant, at 9-26. This Court affirmed. **See Commonwealth v. Bitler**, No. 29 MDA 2024 (Pa. Super. filed Oct. 17, 2024) (unpublished judgment order). Bitler filed a petition for allowance of appeal and, on June 24, 2025, the Pennsylvania Supreme Court entered an order vacating this Court's order and remanding to this Court for reconsideration in light of its decision in **Commonwealth v.**

- 2 -

***Shifflett***, 335 A.3d 1158 (Pa. 2025).  ***See Commonwealth v. Bitler***, 572 MAL 2024 (June 24, 2025).

In ***Shifflett***, our Supreme Court held that a defendant's prior acceptance of ARD is a fact that must be submitted to a jury pursuant to the United States Supreme Court's decisions ***in Alleyne v. United States***, 570 U.S. 99  (2013) and ***Apprendi v. New Jersey***, 530 U.S. 466 (2000):

> In sum, because acceptance into an ARD program does not offer a defendant any of the constitutional safeguards that accompany either a criminal conviction or a guilty plea proceeding, safeguards on which the Supreme Court's recognition of a prior conviction exception in ***Apprendi*** and ***Alleyne*** was based, we conclude that a defendant's previous acceptance of ARD, on its own, does not fall within the prior conviction exception contemplated in ***Apprendi*** and ***Alleyne***. Thus, an individual's previous acceptance of ARD, which, when construed as a prior offense under Section 3806 to increase the penalty for a subsequent conviction pursuant to Section 3804, is a fact that must be submitted to a jury and proven beyond a reasonable doubt.

***Shifflett***, 335 A.3d at 1175.

Thus, our Supreme Court has expressly determined that an individual's previous acceptance of ARD is a fact that must be proven beyond a reasonable doubt for enhanced statutory penalties to apply.  Based upon the express holding in ***Shifflett***, we vacate Bitler's judgment of sentence and remand for resentencing.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/01/2025