J-S08040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MAURICE LAMONT JONES, JR. | : | No. 996 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 21, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000130-2022

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: MAY 8, 2023**

The Commonwealth appeals from the judgment of sentence imposed following the guilty plea of Appellee, Maurice Lamont Jones, Jr., to driving under the influence ("DUI")—controlled substance.[1]  We vacate the judgment of sentence and remand for resentencing.

On October 24, 2021, Appellee was arrested following a traffic stop, and he was subsequently charged with various DUI and summary motor vehicle offenses.  The DUI offenses were charged as third offenses and graded as third-degree felonies based upon one prior conviction as well as Appellee's resolution of a prior DUI charge through the accelerated rehabilitative

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(1)(ii).

disposition ("ARD") process. Appellee filed an omnibus pre-trial motion seeking to bar consideration of his earlier ARD as a prior offense at sentencing.

At that time, this Court's decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), set forth the prevailing law on whether acceptance of ARD in an earlier DUI case could be considered a prior offense for sentencing in a subsequent DUI prosecution. In **Chichkin**, we held that the classification of ARD as a prior offense in Section 3806(a) of the Vehicle Code violated due process and therefore a defendant could not be sentenced as a recidivist DUI offender on that basis. **Id.** at 969-71; 75 Pa.C.S. § 3806(a) (defining a "prior offense" to include acceptance of ARD); **see also** 75 Pa.C.S. § 3804 (setting forth escalating mandatory minimums for first, second, and subsequent DUI offenses).

By an order filed on May 20, 2022, the trial court granted Appellee's motion to bar consideration of his prior ARD and ruled that the DUI charges shall be treated as second offenses and graded as first-degree misdemeanors. Order, 5/20/22. On June 21, 2022, Appellee entered an open guilty plea to one count of DUI—controlled substance. On that same date, the trial court sentenced him to serve 24 months' probation, including 180 days of house arrest, and pay a fine of $1,500. Sentencing Order, 6/21/22. The Commonwealth then filed this timely appeal.

The Commonwealth raises the following issue before this Court:

> Did the lower court err in barring consideration of [Appellee's] prior ARD-DUI at sentencing without providing the

Commonwealth the opportunity to prove, beyond a reasonable doubt, that [Appellee] actually committed the prior DUI offense?

Commonwealth Brief at 5 (unnecessary capitalization omitted). The Commonwealth challenges the application of *Chichkin* to this case in light of more recent case law and argues that the trial court erred by not allowing it to prove that Appellee's acceptance of ARD in the earlier DUI case constituted a prior offense for the purpose of sentencing here.

The Commonwealth's argument implicates the legality of Appellee's sentence, which the Commonwealth may appeal as of right. ***See*** 42 Pa.C.S. § 9781(a); ***Commonwealth v. Moroz***, 284 A.3d 227, 230 (Pa. Super. 2022) (*en banc*). A claim relating to the legality of a sentence presents a question of law as to which our standard of review is *de novo* and our scope of review is plenary. ***Moroz***, 284 A.3d at 230.

This Court's *en banc* decisions in ***Commonwealth v. Richards***, 284 A.3d 214, 217 (Pa. Super. 2022) (*en banc*), ***appeal granted***, No. 518 MAL 2022 (Pa. March 15, 2023), and ***Moroz***, which were filed during the pendency of this appeal, squarely address the issue presently before this Court. As we have recently explained,

> The [***Richards*** and ***Moroz***] decisions emphasize that the General Assembly provided that "ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction . . ., and a defendant is presumed to be aware of the relevant statute." ***Richards***, 284 A.3d at 220 (citation omitted); ***Moroz***, 284 A.3d at 233. The nearly identical decisions therefore expressly overruled ***Chichkin*** and held "the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory

- 3 -

minimum sentence, passes constitutional muster." ***Richards***, 284 A.3d at 220; ***Moroz***, 284 A.3d at 233.

***Commonwealth v. Hummel***, \_\_\_ A.3d \_\_\_, 2023 PA Super 57, \*3-4 (Pa. Super. filed April 4, 2023) (footnote omitted).[2]

Here, the trial court disregarded Appellee's earlier acceptance of ARD and sentenced him as a second-time DUI offender in accordance with ***Chichkin***. Under ***Richards*** and ***Moroz***, this ruling was in error. ***See Moroz***, 284 A.3d at 233 (concluding that "the trial court erred in sentencing [the a]ppellee as a first-time DUI offender without considering his acceptance of ARD for a prior DUI"); ***Hummel***, 2023 PA Super 57, \*4 (same); ***see also Commonwealth v. Chesney***, 196 A.3d 253, 257 (Pa. Super. 2018) (noting that Pennsylvania appellate courts apply law in effect at time of decision and parties are entitled to benefit of changes in law while direct appeal is pending). We therefore vacate Appellee's judgment of sentence and remand for resentencing consistent with this decision. ***See Moroz***, 284 A.3d at 233; ***Hummel***, 2023 PA Super 57, \*4.

_____

[2] Our Supreme Court addressed this issue more recently in ***Commonwealth v. Verbeck***, 290 A.3d 260 (Pa. 2023), splitting evenly on the question of whether a DUI ARD falls within the "prior conviction" exception to the general rule that a fact that increases punishment must be submitted to the fact finder and proven beyond a reasonable doubt. While our Supreme Court's ruling had the effect of affirming this Court's decision remanding for the defendant's resentencing as a first-time offender, ***Verbeck*** lacks precedential effect. ***See Commonwealth v. Mosley***, 114 A.3d 1072, 1082 n.11 (Pa. Super. 2015) ("When a judgment of sentence is affirmed by an equally divided court, [] no precedent is established and the holding is not binding on other cases."). Therefore, our *en banc* decisions of ***Richards*** and ***Moroz*** remain the binding law on this issue. ***See Hummel***, 2023 PA Super 57, \*4 n.1.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge McCaffery files a concurring statement in which Judge Colins joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2023