J-S08032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMBER MEGHAN FURRY | : | No. 141 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 9, 2021
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001213-2021

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: MAY 8, 2023**

The Commonwealth appeals from the judgment of sentence imposed following the guilty plea of Appellee, Amber Meghan Furry, to driving under the influence ("DUI")—highest rate of alcohol.[1]  We vacate the judgment of sentence and remand for resentencing.

On September 18, 2021, following a vehicle stop, Appellee was arrested and charged with two DUI offenses, which were charged as second offenses and graded as first-degree misdemeanors based upon Appellee's resolution of a prior DUI charge through the accelerated rehabilitative disposition ("ARD") process.  On December 9, 2021, Appellee entered an open guilty plea to one

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(c).

count of DUI—highest rate of alcohol with the issue of whether it was a first or second offense left to be resolved by the trial court. N.T., 12/9/21, at 2.

At that time, this Court's decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), set forth the prevailing law on whether acceptance of ARD in an earlier DUI case could be considered a prior offense for sentencing in a subsequent DUI prosecution. In **Chichkin**, we held that the classification of ARD as a prior offense in Section 3806(a) of the Vehicle Code violated due process and therefore a defendant could not be sentenced as a recidivist DUI offender on that basis. **Id.** at 969-71; 75 Pa.C.S. § 3806(a) (defining a "prior offense" to include acceptance of ARD); **see also** 75 Pa.C.S. § 3804 (setting forth escalating mandatory minimums for first, second, and subsequent DUI offenses).

At the December 9, 2021 hearing, the trial court did not permit the Commonwealth to submit evidence to prove that Appellee committed the prior DUI offense that was resolved through ARD. N.T., 12/9/21, at 2-3, 6. Instead, the court amended the information to reflect that Appellee had been convicted of an ungraded misdemeanor as a first-time offender and sentenced her to serve six months' probation, including ten days of house arrest, and pay a fine of $1,000. **Id.** at 6; Sentencing Order, 12/9/21, at 1-2. The court noted at the hearing and in its sentencing order that the Commonwealth preserved its appeal rights to challenge whether Appellee should have been sentenced as a second-time offender. N.T., 12/9/21, at 3; Sentencing Order, 12/9/21, at 2. The Commonwealth then filed this timely appeal.

The Commonwealth raises the following issue before this Court:

Did the trial court err in barring consideration of Appellee's prior ARD-DUI without providing [the Commonwealth] the opportunity to prove, beyond a reasonable doubt, that the Appelle[e] actually committed the prior DUI offense?

Commonwealth Brief at 4 (unnecessary capitalization omitted). The Commonwealth argues on appeal that the trial court erred by not allowing it to prove that Appellee's acceptance of ARD in the earlier DUI prosecution constituted a prior offense for the purpose of sentencing in the instant case.

The Commonwealth's argument implicates the legality of Appellee's sentence, which the Commonwealth may appeal as of right. **See** 42 Pa.C.S. § 9781(a); **Commonwealth v. Moroz**, 284 A.3d 227, 230 (Pa. Super. 2022) (*en banc*). A claim relating to the legality of a sentence presents a question of law as to which our standard of review is *de novo* and our scope of review is plenary. **Moroz**, 284 A.3d at 230.

This Court's *en banc* decisions in **Commonwealth v. Richards**, 284 A.3d 214, 217 (Pa. Super. 2022) (*en banc*), **appeal granted**, No. 518 MAL 2022 (Pa. March 15, 2023), and **Moroz**, which were filed during the pendency of this appeal, squarely address the issue presently before this Court. As we have recently explained,

> The [**Richards** and **Moroz**] decisions emphasize that the General Assembly provided that "ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction . . ., and a defendant is presumed to be aware of the relevant statute." **Richards**, 284 A.3d at 220 (citation omitted); **Moroz**, 284 A.3d at 233. The nearly identical decisions therefore expressly overruled **Chichkin** and held "the portion of Section

- 3 -

3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." **Richards**, 284 A.3d at 220; **Moroz**, 284 A.3d at 233.

**Commonwealth v. Hummel**, ___ A.3d ___, 2023 PA Super 57, *3-4 (Pa. Super. filed April 4, 2023) (footnote omitted).[2]

Here, the trial court disregarded Appellee's earlier acceptance of ARD and sentenced her as a first-time DUI offender in accordance with **Chichkin**. Under **Richards** and **Moroz**, this ruling was in error. **See Moroz**, 284 A.3d at 233 (concluding that "the trial court erred in sentencing [the a]ppellee as a first-time DUI offender without considering his acceptance of ARD for a prior DUI"); **Hummel**, 2023 PA Super 57, *4 (same); **see also Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018) (noting that Pennsylvania appellate courts apply law in effect at time of decision and parties are entitled to benefit of changes in law while direct appeal is pending). We therefore vacate Appellee's judgment of sentence and remand for resentencing

---

[2] Our Supreme Court addressed this issue more recently in **Commonwealth v. Verbeck**, 290 A.3d 260 (Pa. 2023), splitting evenly on the question of whether a DUI ARD falls within the "prior conviction" exception to the general rule that a fact that increases punishment must be submitted to the fact finder and proven beyond a reasonable doubt. While our Supreme Court's ruling had the effect of affirming this Court's decision remanding for the defendant's resentencing as a first-time offender, **Verbeck** lacks precedential effect. **See Commonwealth v. Mosley**, 114 A.3d 1072, 1082 n.11 (Pa. Super. 2015) ("When a judgment of sentence is affirmed by an equally divided court, [] no precedent is established and the holding is not binding on other cases."). Therefore, our *en banc* decisions of **Richards** and **Moroz** remain the binding law on this issue. **See Hummel**, 2023 PA Super 57, *4 n.1.

consistent with this decision.  ***See Moroz***, 284 A.3d at 233; ***Hummel***, 2023 PA Super 57, *4.

Judgment of sentence vacated.  Case remanded for resentencing. Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge McCaffery files a concurring statement in which Judge Colins joins.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2023