J-S11041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
:
ROBERT CHARLES DEGRAUW :
:
Appellee : No. 1053 EDA 2022

Appeal from the Order Entered March 23, 2022
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000411-2021

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY KING, J.: **FILED MAY 23, 2023**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Pike County Court of Common Pleas, which granted the pretrial motion *in limine* of Appellee, Robert Charles Degrauw. We reverse.

On March 27, 2021, a state police trooper observed Appellee driving his pickup truck northbound on Route 739 in Blooming Grove Township. The trooper effectuated a traffic stop after watching Appellee's vehicle cross into the southbound lane. During the stop, the trooper noted indicia of intoxication. Appellee failed field sobriety tests, and a preliminary breath test indicated that Appellee's blood alcohol concentration was .170%.

On August 30, 2021, the Commonwealth filed a criminal information charging Appellee with two (2) counts of driving under the influence of alcohol—second offense ("DUI") and two (2) summary violations of the Motor

Vehicle Code.[1]  On November 10, 2021, the Commonwealth filed a motion *in limine* seeking to introduce evidence of a prior DUI arrest.  Specifically, police arrested Appellee for the prior DUI in 2014, and the Commonwealth permitted Appellee to enter the Accelerated Rehabilitative Disposition ("ARD") program at that time.  (**See** Motion *In Limine*, filed 11/10/21, at ¶¶ 3, 5).  The Commonwealth argued for permission to introduce evidence of the 2014 DUI to establish the grading of the current DUI charges.

By opinion and order entered March 23, 2022, the court denied the Commonwealth's motion.  In its opinion, the court relied upon **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa.Super. 2020), for the proposition that the Commonwealth "can no longer simply rely on evidence of a defendant's prior admission into an ARD program as proof of a prior conviction for purposes of enhanced penalties for repeat DUI offenders." (Order and Opinion, filed 3/23/22, at 2) (unnumbered).  On April 8, 2022, the Commonwealth timely filed a notice of appeal and Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, the Commonwealth argues that it may present evidence of Appellee's prior DUI charges that resulted in his admission into ARD.  This Court addressed this topic in **Commonwealth v. Richards**, 284 A.3d 214 (Pa.Super. 2022) (*en banc*), *appeal granted*, 2023 WL 2520895 (Pa. March

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (c), 3309(1), and 1311(b), respectively.

15, 2023) and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa.Super. 2022) (*en banc*). These cases specifically overruled **Chichkin** and held that a defendant's placement in ARD following a DUI arrest constituted a "prior offense" for purposes of DUI sentencing. Considering the holdings in **Richards** and **Moroz**, we reverse the order granting Appellee's motion *in limine*.[2]

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023

_____

[2] We acknowledge our Supreme Court's recent decision in **Commonwealth v. Verbeck**, ____ Pa. ____, 290 A.3d 260 (2023) (plurality), where the justices were evenly divided on the issue of whether a defendant's acceptance into an ARD program qualified as a prior conviction that could compel an increased sentence for DUI. Nevertheless, "[w]hile the ultimate order of a plurality opinion, *i.e.*, an affirmance or reversal, is binding on the parties in that particular case, legal conclusions and/or reasoning employed by a plurality certainly do not constitute binding authority." **Commonwealth v. Brown**, 23 A.3d 544, 556 (Pa.Super. 2011) (quoting **In Interest of O.A.**, 552 Pa. 666, 676 n.4, 717 A.2d 490, 496 n.4 (1998)).