J-S44013-22

2023 PA SUPER 57

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEATHER LOUISE HUMMEL | : | No. 1147 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 25, 2022
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000309-2022

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

OPINION BY PANELLA, P.J.: **FILED: APRIL 4, 2023**

The Commonwealth of Pennsylvania appeals from the judgment of sentence imposed following the guilty plea entered by Heather Louise Hummel to driving under the influence of alcohol and controlled substances ("DUI"), in violation of 75 Pa.C.S.A. § 3802(d)(3), as a first-time DUI offender. On appeal, the Commonwealth argues it should have been permitted to establish Hummel's prior acceptance of Accelerated Rehabilitative Disposition ("ARD") as a prior offense. Applying this Court's recent decisions in ***Commonwealth v. Richards***, 284 A.3d 214 (Pa. Super. 2022) (*en banc*), ***appeal granted***, 518 MAL 2022 (Pa. Mar. 15, 2023), and ***Commonwealth v. Moroz***, 284 A.3d 227 (Pa. Super. 2022) (*en banc*), we vacate the judgment of sentence and remand for resentencing.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Hummel was arrested and charged with various traffic and DUI-related offenses following an incident on November 26, 2021. The DUI offenses were initially charged as second offenses and graded as first-degree misdemeanors. Hummel filed an omnibus pretrial motion seeking exclusion of her prior acceptance of ARD for a 2017 incident, based upon *Commonwealth v. Chichkin*, 232 A.3d 959, 969-71 (Pa. Super. 2020) (holding that 75 Pa.C.S.A. § 3806(a), which classified ARD as a prior offense in a DUI prosecution, violates due process). *See* 75 Pa.C.S.A. § 3804 (setting forth heightened sentencing requirements for second, third and subsequent DUI offenses); 75 Pa.C.S.A. § 3806(a) (defining a "prior offense" as any conviction for which judgment of sentence has been imposed …, acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation…"). In granting the pretrial motion, the trial court stated Hummel would be considered a first-time offender for sentencing purposes and altered the offenses to ungraded misdemeanors.

On July 25, 2022, Hummel entered a guilty plea to DUI – alcohol and controlled substances as a first offense. Pursuant to the plea agreement, the trial court sentenced Hummel to 6 months of probation with restrictive DUI conditions, including 10 days of house arrest. The Commonwealth filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

The Commonwealth challenges the application of **Chichkin** in light of more recent case law and argues it should have been allowed to prove Hummel's prior acceptance of ARD during sentencing. **See** Commonwealth's Brief at 10-11.

The Commonwealth's argument concerning the constitutionality of 75 Pa.C.S.A. § 3806(a) challenges the legality of Hummel's sentence. **See Moroz**, 284 A.3d at 230; **see also** 42 Pa.C.S.A. § 9781(a) ("The defendant or the Commonwealth may appeal as of right the legality of the sentence."). Therefore, our standard of review is *de novo* and our scope of review is plenary. **See Moroz**, 284 A.3d at 230.

While the instant matter was pending on appeal, this Court, sitting *en banc*, squarely addressed this issue in **Richards** and **Moroz**. The decisions emphasize that the General Assembly provided that "ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction …, and a defendant is presumed to be aware of the relevant statute." **Richards**, 284 A.3d at 220 (citation omitted); **Moroz**, 284 A.3d at 233. The nearly identical decisions therefore expressly overruled **Chichkin** and held "the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory

minimum sentence, passes constitutional muster." **Richards**, 284 A.3d at 220; **Moroz**, 284 A.3d at 233.[1]

Here, the trial court did not apply Hummel's prior acceptance of ARD as a prior conviction and sentenced Hummel as a first-time offender for the current DUI offense. As a result of this Court's recent *en banc* decisions in **Richards** and **Moroz**, the trial court's ruling based upon **Chichkin**, was correct at the time but must be reversed now. **See Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018) (explaining that our appellate courts apply the law in effect at the time of decision and the parties will be entitled to the benefit of changes in the law occurring before the judgment of sentence is final). Accordingly, we must vacate Hummel's judgment of sentence and remand for resentencing.

_____

[1] We note that the Pennsylvania Supreme Court recently addressed the application of **Chichkin** in **Commonwealth v. Verbeck**, 1 MAP 2022, 2023 WL 2342405 (Pa. filed Feb. 28, 2023). However, the **Verbeck** Court was equally divided. **See Commonwealth v. Mosley**, 114 A.3d 1072, 1082 n.11 (Pa. Super. 2015) ("When a judgment of sentence is affirmed by an equally divided court … no precedent is established and the holding is not binding on other cases." (citation omitted)).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023