J-S16012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN M. SCHEPPARD | : | No. 2261 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 12, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000026-2016

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                       **FILED JULY 10, 2023**

The Commonwealth appeals from the August 12, 2022 Judgment of Sentence entered in the Pike County Court of Common Pleas following Appellee John Scheppard's guilty plea to Driving Under the Influence ("DUI") – Highest Rate of Alcohol.[1]  The Commonwealth argues that the sentence is illegal because the trial court failed to classify Appellee's acceptance of Accelerated Rehabilitative Disposition ("ARD") for a 2013 DUI charge as a "prior offense" for purposes of sentencing on the current offense.  Based upon our recent decisions in **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022) (*en banc*), *appeal granted*, 294 A.3d 300 (Pa. 2023), and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (*en banc*), we

---

[1] 75 Pa.C.S. § 3802(c).

vacate the judgment of sentence and remand for resentencing consistent with this decision.[2]

In February 2016, the Commonwealth charged Appellee with two counts of Driving Under the Influence.[3]  On April 28, 2016, Appellee entered into a negotiated plea agreement to Driving Under the Influence—Highest Rate of Alcohol.  The plea agreement did not indicate whether it was a first or second DUI offense.  Appellee, however, did not appear at his June 2016 sentencing.

Following his eventual arrest in July 2022, the court held a sentencing hearing on August 12, 2022, at which the Commonwealth argued that Appellee should be sentenced for the DUI as a second offense based upon Appellee's prior acceptance of ARD for the 2013 DUI.  It acknowledged the then-precedential decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), which forbid the classification of ARD as a prior offense, but argued that **Chichkin** was wrongly decided.

That same day, the trial court applied **Chichkin** and sentenced Appellee as a first-time offender.  The court imposed the mandatory minimum sentence of 72 hours to 6 months of incarceration, with credit for 3 days of time served, and a fine of $1,000, instead of the mandatory minimum sentence for a second

_____

[2] The Supreme Court held the Petition for Allowance of Appeal filed in **Commonwealth v. Moroz**, 520 MAL 2022 (Pa. April 17, 2023), pending its decision in **Richards**.

[3] 75 Pa.C.S. §§ 3802(a)(1) (DUI-General Impairment), 3802(c) (DUI-Highest Rate of Alcohol).  The Commonwealth classified these charges as second offenses.

offense of 90 days and a fine of $1,500.[4]  The court ordered Appellee to be released on parole.

On September 7, 2022, the Commonwealth filed its Notice of Appeal and its Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, reiterating its disagreement with **Chichkin**.  On October 4, 2022, this Court filed its *en banc* Opinions in **Richards**, 284 A.3d at 220, and **Moroz**, 284 A.3d at 233, overruling **Chichkin**.  On November 8, 2022, the trial court filed its Rule 1925(b) Opinion, in which it recognized that this Court, in **Moroz**, had overruled **Chichkin** after Appellee's sentencing and noted that it would "accept the instant case on remand as may be directed by the Superior Court."[5]

Before this Court, the Commonwealth presents the following question:

> Whether the sentence imposed is an illegal sentence, when [Appellee's] acceptance of ARD for DUI should qualify as a prior offense for the purposes of the DUI sentencing enhancement provisions at 75 Pa.C.S.A. § 3803, 75 Pa.C.S.A. § 3804, and 75 Pa.C.S.A. § 3806, contrary to the holding of **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020).

Commonwealth's Brief at 4.

In challenging the legality of the sentence, the Commonwealth presents a pure question of law.  Accordingly, our standard of review is *de novo*, and

---

[4] 75 Pa.C.S. § 3804(c).  The court imposed additional costs and conditions not relevant to this appeal.

[5] Tr. Ct. Op., 11/8/22, at 3.

our scope of review is plenary. **Commonwealth v. Stoops**, 290 A.3d 721, 723 (Pa. Super. 2023).

The question of whether to consider acceptance of ARD as a "prior offense" for purposes of the enhanced sentencing scheme under Section 3804 of the Vehicle Code is an issue that has repeatedly come before this Court and is currently pending in the Pennsylvania Supreme Court. Section 3804 provides for enhanced mandatory minimum sentences for second and subsequent DUI offenses. 75 Pa.C.S. § 3804. Section 3806 defines "prior offense" for purposes of Section 3804 sentencing to include "acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation for any of the following: (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[,]" where the prior offense occurred "within 10 years prior to the date of the offense for which the defendant is being sentenced." 75 Pa.C.S. § 3806(a)(1), (b)(1)(i).

In 2020, this Court in **Chichkin** concluded that the classification of ARD acceptance as a prior offense for purposes Section 3804 sentencing violated due process.[6] In 2022, however, an *en banc* panel of this Court overruled

_____

[6] The **Chichkin** panel opined that "prior acceptances of ARD do not constitute convictions cloaked in all the constitutional safeguards[.]" **Chichkin**, 232 A.3d at 968 (internal quotation marks omitted). The **Chichkin** court reasoned, therefore, that the prior acceptance of ARD was "a fact that, pursuant to **Alleyne**[ **v. United States**, 133 S. Ct. 2151, 2163 (2013)], **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2000)] and their progeny, must be
*(Footnote Continued Next Page)*

*Chichkin* in *Richards* and *Moroz*, holding "that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster" as it satisfied the "prior conviction" exception to *Apprendi* and *Alleyne*. *Richards*, 284 A.3d at 220; *Moroz*, 284 A.3d at 233.

Applying *Richards* and *Moroz*, this Court more recently in *Commonwealth v. Hummel*, 292 A.3d 1137 (Pa. Super. 2023), vacated a sentence based upon the trial court's failure to classify a defendant's prior acceptance of ARD as a prior offense for purposes of Section 3804, while noting that the trial court had properly followed *Chichkin* at the time of sentencing. Although we recognized that *Richards* and *Moroz* were pending before the Supreme Court, we reiterated that "appellate courts apply the law in effect at the time of decision and the parties will be entitled to the benefit of changes in the law occurring before the judgment of sentence is final."[7] *Id.* at 1138. We, therefore, vacated the defendant's judgment of sentence and remanded for resentencing in light of *Richards* and *Moroz*.

_____

presented to the fact finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence under Section 3804." *Chichkin*, 232 A.3d at 968 (internal quotation marks and footnote omitted).

[7] We additionally observed that the Pennsylvania Supreme Court was unable to resolve the question of whether acceptance of ARD may be classified as a prior offense for purposes of sentencing when the Court divided evenly in February 2023 in *Commonwealth v. Verbeck*, 290 A.3d 260, 261 (Pa. 2023).

The reasoning in **Hummel** is directly applicable to the instant case, which mirrors the relevant factual and procedural history of **Hummel**. Accordingly, as in **Hummel**, we vacate Appellee's judgment of sentence and remand for resentencing consistent with this decision.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2023