J-S07005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAURICE LAMONT JONES, JR. | : | |
| | : | |
| Appellant | : | No. 1149 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 21, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000130-2022

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:          **FILED: APRIL 1, 2024**

Maurice Lamont Jones, Jr., appeals from the judgment of sentence, entered in the Court of Common Pleas of Adams County, after he entered a guilty plea to one count of driving under the influence ("DUI") of a controlled substance.[1]  After careful review, we affirm.

This Court previously set forth the relevant factual and procedural history of this case as follows:

> On October 24, 2021, [Jones] was arrested following a traffic stop, and he was subsequently charged with various DUI and summary motor vehicle offenses.  The DUI offenses were charged as third offenses and graded as third-degree felonies based upon one prior conviction as well as [Jones'] resolution of a prior DUI charge through the accelerated rehabilitative disposition ("ARD") process.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(1)(ii).

[Jones] filed an omnibus pre-trial motion seeking to bar consideration of his earlier ARD as a prior offense at sentencing.

At that time, this Court's decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), set forth the prevailing law on whether acceptance of ARD in an earlier DUI case could be considered a prior offense for sentencing in a subsequent DUI prosecution. In **Chichkin**, we held that the classification of ARD as a prior offense in [s]ection 3806(a) of the Vehicle Code violated due process and therefore a defendant could not be sentenced as a recidivist DUI offender on that basis. **Id.** at 969-71; 75 Pa.C.S.[A.] § 3806(a) (defining a "prior offense" to include acceptance of ARD); **see also** 75 Pa.C.S.[A.] § 3804 (setting forth escalating mandatory minimums for first, second, and subsequent DUI offenses).

By an order filed on May 20, 2022, the trial court granted [Jones'] motion to bar consideration of his prior ARD and ruled that the DUI charges shall be treated as second offenses and graded as first-degree misdemeanors. [**See**] Order, 5/20/22. On June 21, 2022, [Jones] entered an open guilty plea to one count of DUI—controlled substance. On that same date, the trial court sentenced him to serve 24 months' probation, including 180 days of house arrest, and pay a fine of $1,500. [**See**] Sentencing Order, 6/21/22. The Commonwealth filed [a] timely appeal.

**Commonwealth v. Jones**, 996 MDA 2022, at 1-2 (Pa. Super. filed May 8, 2023) (unpublished memorandum decision).

On appeal, the Commonwealth challenged the trial court's application of **Chichkin** in light of more recent case law decided during the pendency of Jones' appeal.[2] This Court agreed with the Commonwealth, concluding that this Court's en banc decisions in **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022) (en banc), appeal granted, 294 A.3d 300 (Pa. 2023)

---

[2] **See Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa. Super. 2018) (noting Pennsylvania appellate courts apply law in effect at time of decision and parties are entitled to benefit of changes in law while direct appeal pending).

(Table), and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (en banc), "squarely address[ed] the issues . . . before this Court." **Jones**, **supra** at 3. We noted:

> The [**Richards** and **Moroz**] decisions emphasize that the General Assembly provided that "ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction . . ., and a defendant is presumed to be aware of the relevant statute." **Richards**, 284 A.3d at 220 (citation omitted); **Moroz**, 284 A.3d at 233. The nearly identical decisions therefore expressly overruled **Chichkin** and held "the portion of [s]ection 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a [s]ection 3804 mandatory minimum sentence, passes constitutional muster." **Richards**, 284 A.3d at 220; **Moroz**, 284 A.3d at 233.

**Id.** at 4, quoting **Commonwealth v. Hummel**, 295 A.3d 719, 720 (Pa. Super. 2023). Accordingly, we vacated Jones' judgment of sentence and remanded for resentencing. Following remand, on July 17, 2023, the trial court sentenced Jones to three months in the work-release program of the Adams County Adult Correctional Complex, nine months of house arrest with electronic monitoring, and 36 months of probation with 12 months of restrictive DUI conditions. The court ordered Jones to report for work release on August 17, 2023. Jones filed a motion for bail pending appeal, which the trial court granted on August 11, 2023. Jones filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) statement. Jones raises the following claims for our review:

1. Is it unconstitutional to consider an acceptance of ARD as a prior offense for sentencing purposes without the procedural protections afforded by **Alleyne v. United States**, 570 U.S. 99 (2013) and **Apprendi v. New Jersey**, 530 U.S. 466

- 3 -

(2000), i.e., a prior offense can only be determined by proof beyond a reasonable doubt?

2. Is it fundamentally unfair and a violation of due process to equate a prior acceptance of ARD as a prior conviction for purposes of a recidivist mandatory-minimum sentence even though the ARD acceptance involved no proof of guilt beyond a reasonable doubt?

Brief of Appellant, at 4.

Jones' claim implicates the legality of his sentence. Accordingly, our standard of review is *de novo* and our scope of review is plenary. *Moroz*, 284 A.3d at 230.

Jones argues that the trial court erred in considering his prior acceptance of ARD as a prior offense for sentencing purposes without the procedural protections afforded by *Apprendi* and *Alleyne*. He also asserts that equating the prior acceptance of ARD with a prior conviction is fundamentally unfair and a violation of due process. For the reasons previously set forth by this Court in *Jones*, *supra*, he is entitled to no relief.

As we previously noted in the Commonwealth's appeal of Jones' original sentence, this Court's en banc decisions in *Moroz* and *Richards* "squarely address the issue presently before this Court," *Jones*, *supra*, at 3, and we are bound to apply the holdings in those cases.[3] Accordingly, because Jones

---

[3] As the Commonwealth notes in its brief, we are further bound by the law of the case doctrine. "Departure from the law of the case is warranted in circumstances where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create

*(Footnote Continued Next Page)*

had both a prior DUI-ARD and a prior DUI, he was properly sentenced as a third-time offender.

Judgment of sentence affirmed.

Colins, J., Joins this Memorandum.

Kunselman, J., Files a Concurring Statement.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2024

---

manifest injustice if followed." ***Commonwealth v. Koehler***, 229 A.3d 915, 939 (Pa. 2020). Jones has not demonstrated that any exception to the doctrine applies. Rather, he simply argues that ***Richards*** was wrongly decided, pointing to the non-binding Opinions in Support of Affirmance from the evenly divided Supreme Court in ***Commonwealth v. Verbeck***, 290 A.3d 260 (Pa. 2023), which preceded this Court's earlier decision in the instant matter. "It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court." ***Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa. Super. 2006) (citations omitted). At this point, our Supreme Court has done no more than grant an appeal for the purpose of determining whether consideration of ARD as a prior offense violates ***Alleyne*** and due process. ***See Commonwealth v. Richards***, 294 A.3d 300 (Pa. 2023) (Table). Because our Supreme Court has yet to rule upon the question, our Court's prior en banc decisions in ***Richards*** and ***Moroz*** remain binding.