J-S05014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KARA L. HOLLABAUGH | : | |
| | : | |
| Appellant | : | No. 868 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 11, 2023
In the Court of Common Pleas of Crawford County
Criminal Division at No(s):  CP-20-CR-0000775-2022

BEFORE:  PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: April 19, 2024**

Kara Leigh Hollabaugh appeals from her judgment of sentence for, *inter alia*, Driving Under the Influence ("DUI"). She argues the Crawford County Court of Common Pleas improperly considered her acceptance of an Accelerated Rehabilitative Disposition ("ARD") for a previous DUI conviction as a prior offense for purposes of sentencing her on the current DUI. We affirm.

As this case involves an issue that is not dependent on the specific facts of the case, we offer only a brief recitation of those facts. Hollabaugh was charged with, among other things, three counts of DUI.[1] At her stipulated non-

---

[1] Specifically, Hollabaugh was charged with DUI pursuant to 75 Pa.C.S.A. § 3802(d)(2); DUI pursuant to 75 Pa. C.S.A. § 3802(d)(1)(ii); and DUI pursuant to 75 Pa. C.S.A. § 3802(d)(1)(iii).

jury trial, Hollabaugh stipulated that if called to testify at trial, Officer Daniel Palka of the Meadville City Police would report that he pulled Hollabaugh over for a traffic stop on May 7, 2022. During the stop, Hollabaugh admitted she had smoked methamphetamine and had methamphetamine on her person. She failed a sobriety test, and later tested positive for having methamphetamine in her blood. Important to this appeal, Hollabaugh also stipulated she had one prior DUI, which had been disposed of through ARD. *See* Stipulation of Facts, 5/19/2023, at 5 (unpaginated).

The trial court found Hollabaugh guilty of, *inter alia*, the three counts of DUI. In its verdict slip, the court specifically stated that for purposes of sentencing, Hollabaugh would be treated as a repeat offender because Hollabaugh's prior ARD constituted a prior offense.

The court held a sentencing hearing on July 11, 2023. The court did, in fact, classify Hollabaugh's conviction for DUI under 75 Pa. C.S.A. § 3802(d)(1)(ii) as a second offense because of her previous ARD and "sentenced her on the M1 DUI to probation with restrictive conditions [of 60 months] including incarceration, house arrest and probation." Trial Court Opinion, 8/17/2023, at 1. The court did not impose any additional sentence for the other two DUI convictions.

Hollabaugh filed a notice of appeal. She raises a single issue, namely she contends it was unconstitutional for the sentencing court to consider her prior ARD as a prior offense to enhance the sentence of her subsequent DUI

offense. She argues, in essence, this violated ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020). This claim has no merit.

"Section 3804 [of the Motor Vehicle Code] sets forth mandatory minimum sentence terms for first, second, and subsequent DUI offenses." ***Chichkin***, 232 A.3d at 963. Section 3806 of the Motor Vehicle Code, in turn, defines "prior offenses" as follows:

> **(a) General rule**.—Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
> > (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance)[.]

75 Pa. C.S.A. § 3806(a)(1).

As Hollabaugh highlights, ***Chichkin*** held that "the particular provision of 75 Pa. C.S.A. § 3806(a), which defines a prior acceptance of ARD in a DUI case as a 'prior offense' for DUI sentencing enhancement purposes … [is] unconstitutional." ***Chichkin***, 232 A.3d at 971. However, this Court expressly overruled ***Chichkin*** in a pair of decisions, i.e., ***Commonwealth v. Moroz***, 284 A.3d 227 (Pa. Super. 2022) (*en banc*) and ***Commonwealth v. Richards***, 284 A.3d 214 (Pa. Super. 2022) (*en banc*). ***Richards*** stated in no uncertain terms:

> We now hold that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of

imposing a Section 3804 mandatory minimum sentence, passes constitutional muster.

**Richards**, 284 A.3d at 220.

Hollabaugh essentially concedes the sentencing court properly considered her ARD as a prior offense for sentencing purposes under this Court's decision in **Richards**. However, she points out that the Pennsylvania Supreme Court granted Richards' petition for allowance of appeal in that case, **see Commonwealth v. Richards**, 294 A.3d 300 (Pa. March 15, 2023), and she "believ[es] the Supreme Court will find that the definition of prior [offense] is unconstitutional where it calls the acceptance of ARD as a prior [offense] for sentence enhancement." Appellant's Brief at 3. Of course, Hollabaugh's speculation as to how the Supreme Court will rule in the future does not equate to binding precedent that must be followed by this Court. The Supreme Court, although granting the appeal in **Richards**, has not yet issued its decision in the matter.[2] Therefore, this Court's decision in **Richards** remains the precedent we must follow, and, under that controlling precedent, the

_____

[2] As the trial court pointed out in its opinion, the Pennsylvania Supreme Court considered whether a prior ARD should constitute a prior offense for sentencing purposes in **Commonwealth v. Verbeck**, 290 A.3d 260 (Pa. 2023). However, **Verbeck** resulted in a non-precedential 3-3 decision. Therefore, as the trial court explained, "binding authority rests with the decisions in **Richards**, **Moroz** and [**Commonwealth v. Hummel**, 295 A.3d 719 (Pa. Super. 2023)(holding the defendant's prior ARD was a prior offense for sentencing purposes under **Richards** and **Moroz**). **See Commonwealth v. Mosley,** 114 A.3d 1072, 1082 n.11 (Pa. Super. 2015) [(stating that "[w]hen a judgment of sentence is affirmed by an equally divided court… no precedent is established)]." Trial Court Opinion, 8/17/2023, at 2 n.1.

sentencing court did not err by considering Hollabaugh's ARD as a prior offense for sentencing purposes on her current DUI conviction.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 04/19/2024