J-S07023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JACOB ALEXANDER KOPP | : | |
| | : | |
| Appellant | : | No. 741 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 7, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002235-2020

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:   **FILED: APRIL 25, 2024**

Jacob Alexander Kopp appeals from the judgment of sentence imposing five years of restrictive punishment after a jury convicted him of driving under the influence ("DUI") of controlled substances and related offenses.[1]  For the reasons below, we affirm.

In 2017, the Commonwealth charged Kopp with a prior DUI offense, docketed at CP-21-CR-2401-2017.  That proceeding ended with accelerated rehabilitative disposition ("ARD").

Then, on July 2, 2020, the Commonwealth charged Kopp with two counts of DUI, graded as Kopp's second DUI, despite the prior ARD.  Kopp filed a motion to reduce the DUI counts to a first offense, based on this Court's

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 35 Pa.C.S.A. § 780-113(a)(31)(i), (a)(32) (possessing a small amount of cannabis and possessing drug paraphernalia) and 75 Pa.C.S.A. §§ 3313(d)(1) (driving in the righthand lane); 3802(d)(2) (DUI – controlled substances); 3802(d)(1)(i) (DUI – controlled substances as a second offence); and 3802(d)(1)(iii) (DUI – controlled substances as a second offense).

then-controlling decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020), *overruled by* **Commonwealth v. Richards**, 284 A.3d 214 (Pa. Super. 2022) (*en banc*), *and* **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (*en banc*).

In **Chichkin**, a panel of this Court held that the "provision of 75 Pa.C.S.A. § 3806(a), which defines a prior acceptance of ARD in a DUI case as a 'prior offense' for DUI sentencing enhancement purposes, offends the Due Process Clause[2] and is therefore unconstitutional." **Id.** at 971. Accordingly, in Kopp's motion to reduce the grading of his DUI charges, he contended that "a prior acceptance into the ARD program to resolve an earlier DUI charge could not be considered a 'prior conviction' under the DUI statute." Trial Court Opinion, 8/9/23, at 2.

The trial court stayed this case, pending resolution of **Richards** and **Moroz**. When this Court, sitting *en banc*, overruled **Chichkin** by a vote of 5-4,[3] Kopp's case proceeded to a jury trial.

The jury convicted Kopp, and the trial court sentenced him as described above. The sentencing court applied **Commonwealth v. Richards**, 284 A.3d

_____

[2] Under the Due Process Clause of the Fourteenth Amendment to the federal constitution, "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."

[3] Judge King, joined by then-President Judge Panella, Judge Bowes, Judge Stabile, Judge McLaughlin, authored the majority opinion in **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (*en banc*), which overruled **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020). Judge (now-Justice) McCaffery, joined by President Judge Emeritus Bender, Judge (now-President Judge) Lazarus, and this author, dissented.

214 (Pa. Super. 2022) (*en banc*), *appeal granted*, 294 A.3d 300 (Pa. 2023). As such, it deemed this DUI to be Kopp's second and imposed the higher penalties accompanying a second DUI conviction. This timely appeal followed.

Kopp raises three issues. In all of them, he assumes the Supreme Court will reverse **Richards** and reinstate the holding of **Chichkin**. His claims of error are as follows:

1. Assuming the [Supreme Court of Pennsylvania holds] in **Richards** that acceptance into the ARD program cannot be equated with a prior conviction for DUI sentencing purposes, is Kopp's sentence illegal for violation of **Apprendi v. New Jersey**[, 530 U.S. 466 (2000),] where the offense he resolved through ARD was used to increase the grading and maximum sentence for his DUI convictions based on facts not found by a jury beyond reasonable doubt?

2. Assuming the [Supreme Court of Pennsylvania holds] in **Richards** that acceptance into the ARD program cannot be equated with a prior conviction for DUI sentencing purposes, is Kopp's sentence illegal under **Apprendi**, despite the pretrial finding that, beyond a reasonable doubt, he was guilty of the prior DUI resolved through ARD?

3. Further assuming the [Supreme Court of Pennsylvania holds] in **Richards** that acceptance into the ARD program cannot be equated with a prior conviction for DUI sentencing purposes but this Court determines that a finding that Kopp was guilty of the prior DUI resolved through ARD can allow an increase in grading and maximum penalty, is Kopp's sentence illegal under **Apprendi**, where that finding was made by a judge as opposed to a jury?

Kopp's Brief at 4. We address the three issues simultaneously.

Kopp's arguments all rest upon an unproven premise: namely, that the Supreme Court of Pennsylvania will reverse **Richards**, **supra**. However, that has yet to occur, and it "is beyond the power of a Superior Court panel to

overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court." ***Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa. Super. 2006) (citation omitted).

"At this point in time, our High Court has done no more than grant an appeal for the purpose of determining whether [75 Pa.C.S.A. § 3806(a)] is unconstitutional" under the Due Process Clause. ***Id.*** "Because our Supreme Court has not yet ruled upon that question, this Court's prior decision in [***Richards***, ***supra***, remains] binding" upon this panel. ***Id.***

Hence, we lack authority to grant Kopp appellate relief.[4] All three issues dismissed as meritless.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/25/2024

---

[4] We recognize that Kopp filed this appeal to preserve his appellate issues pending the Supreme Court's decision in ***Richards***.