J-S14025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                      :           PENNSYLVANIA
                                                      :

               v.                               :
                                                       :

SAMANTHA MARIE LONG           :
                                                       :

           Appellant                   :      No. 1463 MDA 2023

Appeal from the Judgment of Sentence Entered September 12, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000186-2023

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:                 **FILED: JULY 2, 2024**

Samantha Marie Long appeals from the judgment of sentence entered on September 12, 2023, for her convictions of driving under the influence ("DUI")—general impairment, DUI—highest rate of alcohol, driving vehicle at safe speed, and turning movements and required signals.[1] Long argues the Cumberland County Court of Common Pleas improperly considered her acceptance of an Accelerated Rehabilitative Disposition ("ARD") for a previous DUI offense as a prior offense for purposes of sentencing on the current DUI offense. We affirm.

On August 3, 2023, Long proceeded to a stipulated bench trial, where she stipulated to the following facts:

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), 3361, and 3334(d), respectively.

[I]f Trooper Alexander Kydd of the Pennsylvania State Police were called to testify, he would testify as follows:

On or about August 27, 2022, Trooper Kydd was on routine patrol when he observed a blue Ford Maverick traveling northbound on Allen Road in the vicinity of Ritner Highway in Carlisle Borough, Cumberland County. Trooper Kydd noticed the vehicle to be exceeding the speed limit, specifically to be traveling at approximately 60 to 70 miles per hour in a posted 40-mile-per-hour zone. The Ford Maverick swerved abruptly twice across the lane dividing marks into the center turning lane.

Trooper Kydd continued following the vehicle, again noticing it accelerating, exceeding the posted 45-mile-per-hour speed zone on Newville Road by approximately 15 miles per hour. The operator of the Maverick failed to discontinue the right-turn signal, leaving it activated for an extended period of time beyond the turn. At this point, [Trooper] Kydd activated his emergency lights and conducted a traffic stop of the Ford Maverick. Trooper Kydd observed the [d]efendant, Samantha Long, seated in the courtroom here to be the operator and sole occupant of the Maverick.

Ms. Long was emotional, crying hysterically, and was not able to communicate well with the trooper. Trooper Kydd also observed Ms. Long's eyes to be bloodshot and watery and detected an odor of alcoholic beverage upon her breath. Trooper Kydd also detected slurred speech when Ms. Long spoke, and Ms. Long did admit to Trooper Kydd that she had consumed alcoholic beverages prior to driving. Ms. Long refused to participate in field sobriety testing as requested by Trooper Kydd. She was transported to the University of Pittsburgh Medical Center, Carlisle where blood was obtained from her. … [T]hat blood was analyzed and the results of the analysis indicated that Ms. Long's blood alcohol concentration was .333 percent within two hours of driving.

N.T. Trial, 8/3/23, at 2-4 (some paragraphing provided). Based on these facts, the trial court found her guilty as noted above.

On September 12, 2023, Long was sentenced as a second-time DUI offender due to her prior acceptance of ARD on her first DUI offense. The trial

court sentenced her on the DUI convictions to 60 months restrictive probation with the first 30 to 90 days in the Cumberland County Work Release Program and the remainder to be served on standard probation.[2] The trial court further ordered that if less than 90 days is served at the Work Release Program, the remainder of the 90 days would be served on house arrest with electronic monitoring. Long was also ordered to pay a fine of $1500. As for the two summary offenses, Long was ordered to pay a $25 fine for each.

Long filed a timely post-sentence motion on September 18, 2023, challenging her classification as a second-time DUI offender. This motion was denied on September 26, 2023, and Long appealed. Both Long and the trial court complied with Rule 1925. **See** Pa.R.A.P. 1925.

Long raises one issue:

> Whether the [t]rial [c]ourt erred in its [o]rder of September 26, 2023 in denying [d]efendant's [p]ost-[s]entence [m]otion when it is fundamentally unfair and a violation of due process to equate a prior acceptance of ARD with a prior conviction for purposes of a recidivist mandatory minimum sentence in that her acceptance into ARD involved no proof of guilt beyond a reasonable doubt?

Appellant's Brief, at 2.

"A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence." **Commonwealth v. Richards**, 284 A.3d 214, 217 (Pa. Super.

---

[2] The two counts of DUI merged and Long was only sentenced on DUI—highest rate of alcohol.

2022) (*en banc*) (citation omitted).[3] "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Id.*** (citation omitted). "A challenge to the legality of [a] sentence is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Id.*** (citation omitted).

Long argues that a "prior acceptance of ARD cannot be considered a prior conviction" because it is not "cloaked in all the constitutional safeguards" that a conviction holds since "ARD does not require an admission to, or finding of, guilt beyond a reasonable doubt." Appellant's Brief, at 4 (quoting ***Richards***, 284 A.3d at 226 (dissenting opinion)). We disagree, as this Court has already addressed this precise issue and found it lacks merit.

Pursuant to Section 3806(a) of the Vehicle Code, a prior offense includes acceptance of ARD. ***See*** 75 Pa.C.S.A. § 3806(a). In ***Richards***, this Court expressly overruled the holding of ***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super. 2020), that Section 3806(a) is unconstitutional because it lacks procedural safeguards. The ***Richards*** Court emphasized that:

> our legislature has "statutorily construed [ARD] as a conviction for purposes of computing sentences on subsequent convictions." A defendant receives ARD only after he has requested acceptance into the program, indicated an understanding of the proceedings, and agreed to comply with the conditions imposed by the trial court. ***See*** [ ] Pa.R.Crim.P. 312, 313. The entire assessment process for the ARD program is conducted under court supervision.

---

[3] Our Supreme Court granted review in ***Richards*** on March 15, 2023. ***See Commonwealth v. Richards***, 294 A.3d 300 (Pa. 2023).

The fact that ARD will constitute a prior offense for purposes of sentencing on a second or subsequent DUI conviction is written directly into Section 3806, and a defendant is presumed to be aware of the relevant statute. …

Accordingly, we expressly overrule *Chichkin*. We now hold that the portion of Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster.

*Richards*, 284 A.3d at 220 (case citations omitted); *see also Commonwealth v. Moroz*, 284 A.3d 227 (Pa. Super. 2022) (*en banc*) (same). We are bound by this holding. *See Commonwealth v. May*, 271 A.3d 475, 482 (Pa. Super. 2022) (noting Superior Court panel is bound by existing precedent).

Moreover, we note that Long makes no new legal argument of her own. Instead, she relies exclusively on the dissenting opinion in *Richards*, essentially urging this Court to overrule *Moroz* and *Richards* by relying on the overruled language of *Chichkin*. *See* Appellant's Brief, at 4-5 (quoting *Richards*, 284 A.3d at 226 (dissenting opinion)). This Court is not bound by a dissenting opinion. *See Commonwealth v. Thompson*, 985 A.2d 928, 942 (Pa. 2009).

Further,

[i]t is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court. At this point in time, our high court has done no more than grant an appeal for the purpose of determining whether [Section 3806(a)] is

- 5 -

unconstitutional … . Because our Supreme Court has not yet ruled upon the question, our Court's prior decision[s] in [**Richards** and **Moroz** are] binding.

**Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006). Therefore, because this Court's decisions in **Richards** and **Moroz** remain binding precedent the trial court did not err in finding that Long's prior acceptance of ARD is a prior offense for sentencing purposes on her current DUI conviction.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/02/2024